NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN J. DOOLEY, PETITIONER, v. SMITH'S TRANSFER
CO., RESPONDENT.

Decided February 11, 1948.

For the petitioner, *Abraham S. Arnold.*

For the respondent, *Henry M. Grosman.*

Formal petition and answer having been filed in this cause, the matter came up before this Bureau at Perth Amboy, New Jersey, A. S. Arnold, Esq., appearing for the petitioner and Henry M. Grosman, Esq., appearing for the respondent.

By stipulation of counsel for the respective parties hereto, it was stipulated, with the approval of this court, that the question of whether or not the petitioner, who admittedly was injured on March 29th, 1946, received said injury as a result of an accident arising out of and during the course of his employment with the respondent. The determination of this point, was to be first settled, and if resolved in favor of the petitioner, then testimony was to be taken for the purpose of determining the elements of temporary and permanent disability.

It appears that there is no dispute of the fact that the petitioner was a regular employee of the respondent, engaged as a manager, and that incidental to his work and as a necessary part thereof, he was required to make use of his own automobile. The place of business of the respondent was located in Newark, New Jersey. The petitioner's home was located in Metuchen, New Jersey, at which place the petitioner, by custom and approval of the respondent, kept his car when not in use for the company's business. The petitioner was paid a weekly allowance by the respondent for the use of his automobile in connection with his business.

In the original petition filed by the petitioner, he alleges under oath, in allegation No. 15 of the formal petition, "that he was attending a meeting to settle employer's labor difficulties." Actually, the testimony indicates that the petitioner, who was a business solicitor for the respondent, had concluded his day's work at 4:30 P. M., and then proceeded, by appointment with a fellow workman, to meet at a tavern on a corner near the respondent's business where both admittedly were drinking until 6:00 P. M. Petitioner then returned to respondent's place of business nearby where he had his car parked. Petitioner left his car at respondent's place of business parked on the street and admittedly went uptown in Newark and attended a movies. He returned after nine o'clock and tells a story of having trouble with his car and changing a wheel and arriving at a gas station in Newark at 12:00 P. M., to get the tire repaired. Subsequently, he was involved in an accident in Rahway, New Jersey, at 2:20 A. M., when his car crashed into a road stanchion.

Henry Specht, the union shop-steward, for the respondent who was indicated by the petitioner as his companion when they stopped in the tavern stated that the petitioner had nothing to do with respondent's labor activities and that they just went down to have a few drinks. He stated that when they returned to respondent's place of business after leaving the tavern, he together with Dooley, the petitioner, proceeded to make the rounds of various taverns, and that ultimately Dooley left him off at "his, 'Specht's' home in Newark." Specht says he does not remember who was driving Dooley's car or what Dooley's condition was, but that he knows for himself that he personally had had enough to drink so that he did not know what he was doing.

It was admitted that the respondent as part of petitioner's employment made him an allowance for the use of his car, in connection with the business of the respondent which required that the petitioner use an automobile, and the case simmers down in the final analysis to one where the petitioner now claims that his accident arose out of his employment with the respondent by reason of the fact that in being allowed for the use of his automobile in the respondent's business,

he was on the respondent's employment going to his home from the respondent's place of business which admittedly had left at 4:30 P. M., the previous day. The accident in question occurred on March 29th, 1946, at 2:20 A. M., in Rahway, New Jersey, when the petitioner's car crashed into the center isle of the highway.

For the purpose of my conclusions, I am convinced and find as a fact, that the petitioner's employment with the re-spondent ended at 4:30 P. M., on March 28th, 1946, and that his activities at that time were of a personal nature and had absolutely no relation whatever with his employer's interest; that the petitioner had the right under his arrangement with his employer to utilize his automobile for the purpose of going back to his home in Metuchen and on returning the car there, his employment ceased until he subsequently had occasion to drive back to Newark to commence the company's business; that the accident was suffered by the petitioner at 2:20 o'clock in the morning at Rahway, New Jersey, which was on his way homeward bound, a period of nine and one-half hours having elapsed between the time of his leaving his employer's place of business and the occurrence of his accident which resulted in personal injuries.

I further find that the petitioner was not out with his fellow-worker, "Specht," to discuss any labor business of the respondent. I find in fact that he and Specht left the re-spondent's place of business at 4:30 P. M., and proceeded to make a round of taverns for their own personal enjoyment.

I am satisfied that if the petitioner had proceeded to his home within a reasonable period of time after leaving his place of business and while thus proceeding homeward had suffered an accident resulting in his personal injuries, I would have had no hesitancy in finding that the injuries arose as the result of an accident while in the course of his employ-ment with the respondent, as the petitioner had a right to use his automobile under his agreement with his employer in order to proceed from his place of work to his home, and that the accident happened on a route which would lead him to his home from his place of business. The problem as pre-sented is one wherein the question arises as to whether the

employee, having a right to use his automobile as part of his contract of employment, has the right to deviate from his employment for so long a time as he did in this case, and during such deviation, engage in a series of personal activities unrelated to his employment, and then, upon proceeding homeward, still to be within the sphere of his employment to the end that if an accidental injury arose, it is compensable.

It is my conviction that where an employee leaves his place of business for so long a period of time as that taken by the petitioner in this case, and engages in so many personal activities during that period of time, wholly unrelated to his employment, in so doing he completely abandons his employment, even though he subsequently worked his way on to the highway which was on his way homeward bound. There must be a resemblance of reasonableness in a deviation from the sphere of employment in order that one may be reasonably considered within that sphere. In considering the reasonableness of the deviation, in order to determine whether or not one has taken himself out of that sphere, and by doing so abandoning his employment, the time element and the activities of the individual should be carefully scrutinized and considered. Let us assume that the petitioner, after his regular working hours, decided instead of driving his car toward Metuchen, which is south of Newark, instead elected to take a week's fishing trip in the woods of Maine. Then, on his return home went through Newark and on his way home to Metuchen would have an automobile accident and was injured. Here certainly the element of time and the activity of the petitioner would be carefully scrutinized and considered in determining whether or not the employment was abandoned until such time as the petitioner was subsequently on his way to work or engaged in his work, in order to bring him back within the sphere of his employer's interest.

It is conceded that the negligence of an employee is not a defense in compensation; however, to what extent may an employee proceed in enlarging upon the dangers and risks of his employment, without his acts being construed as willful misconduct on his part? The petitioner by his actions engaged in numerous social activities which involved the consumption of intoxicating beverages, the amount of which is

unknown. He went to the movies in Newark and otherwise deliberately spent many hours before proceeding homeward, at a time which was unreasonable, in so far as the obligation of his employer was concerned. It would appear that his activities in the City of Newark during the interval that he left his place of business and the time that he drove home in the early hours of the morning created a greater hazard than that which was normal in his employment and the increase in the hazard, including his weariness resulting from the late hour, may reasonably be an indication of willful misconduct which greatly magnified the hazard of his employment to the end that it is not a question of negligence, but one wherein the petitioner, by his own actions, created a situation which is not reasonably contemplated as a part of his employment and to the end that if he is injured as the result of an accident, the consequences thereof would deprive him of the benefits of the provisions of the Workmen's Compensation Act, N. J. S. A. 34:15–1, et seq.

Before setting forth my ultimate conclusion, I am finding as a fact that the Workmen's Compensation Act does not contemplate an employee has the right to unreasonably delay his trip homeward bound with a vehicle of employment in order to extend the time of his employment to cover a hazard which would never have reasonably occurred had he proceeded within a reasonable period of time following termination of such employment to go home in the vehicle used in his employment.

As I have already indicated, there was an unreasonable lapse of time between the hour when the petitioner left his place of employment and when he finally started homeward bound.

I, therefore, conclude that the petition must be dismissed for want of jurisdiction, and that the injuries suffered by the petitioner did not result from an accident arising out of and in the course of his employment with the respondent, which are jurisdictional factors in order to impose liability upon the employer.

The formal petition filed in this matter is hereby dismissed. Let judgment of dismissal be entered accordingly.

HARRY S. MEDINETS,
*Deputy Commissioner.*