R. C. WILLIAMS, appellant, v. LARSEN CONSTRUCTION COMPANY, and UNITED STATES FIDELITY & GUARANTY COMPANY, appellees.

No. 51140.

(Reported in 125 N.W.2d 248)

1150

■ 

■ 

■ 

■ 

■ 

DECEMBER 10, 1963.

Myles J. Kildee, of Waterloo, for appellant.

Beecher, Buckmaster, Beecher & Lindeman, of Waterloo, for appellees.

SNELL, J.—This is an action by an injured employee to set aside a consent judgment commuting workmen's compensation.

Plaintiff-appellant, an employee of defendant construction company, on April 11, 1960, was injured in the course of his employment. Shortly thereafter compensation payments started. Subsequent treatment included surgery. There has been no dispute about the need or liability therefor.

A laminectomy to remove a herniated intervertebral disc was performed on January 24, 1961, and a sacroiliac fusion on May 10, 1961. Subsequent physical examinations showed some residual weaknesses and limitation of motion. Inability to do the same heavy manual labor as before was noted. Plaintiff was found fit to do lighter work.

On October 24, 1961, under the provisions of sections 85.45, 85.46, 85.47 and 85.48, 1958 Code of Iowa, there was a hearing before the deputy industrial commissioner. This hearing was preliminary to the filing in district court of a petition for commutation of future compensation payments. On November 21, 1961, the deputy commissioner filed a comprehensive finding of fact and review of applicable statutes and authorities.

The deputy commissioner found that plaintiff is a 36-year-old Negro with a third-grade education. He had been previously employed as an unskilled laborer. His reflex and sensory changes from surgery are superficial and would not affect his working ability. However, his back is not as strong as before and he had had trouble finding light work. Unavailability of jobs in the area and his color militated against him. Plaintiff appeared to have the intelligence and ability to train himself for other work. He had not supported his family for some time and has had the freedom and mobility to seek employment outside Waterloo. Although not able to work at heavy labor as before he was found clearly fit to engage in many other activities and to be trained. Plaintiff was found to have permanent disability to the extent of 25 percent of his body as a whole, i.e., industrial rather than functional disability and entitled to compensation accordingly. The amounts due were determined and commutation on the basis of the determination was approved.

At the hearing the amounts of compensation paid to that time were agreed to.

On December 8, 1961, plaintiff filed in the district court his petition for commutation. It alleged in substance (1) filing pursuant to sections 85.45 and 85.46, Code of Iowa. (2) Weekly compensation payments being made pursuant to signed agreement by defendants and approval by the deputy commissioner. (3) Determination of the issues and approval of commutation. (4) That commutation is for the best interest of plaintiff. (5) A finding by the deputy commissioner that plaintiff's injuries extended outside and beyond the scheduled area of Code section 85.34, paragraph 2, subparagraphs (a) through (t), and the test was not functional disability but reduction of earning capacity. (6) That the deputy's decision computed plaintiff's disability in terms of percentages of the total physical and mental abilities of a normal man. (7) That plaintiff has no other adequate remedy.

Defendants filed answer on December 27, 1961.

On December 27, 1961, a stipulation signed by plaintiff and his attorney, the attorney and a representative of the defendants, was filed in the office of the clerk of the district court. The material facts were set forth. It was agreed that at the discretion of the court the future payments should be commuted. The parties requested an immediate decision and judgment pursuant to the stipulation.

Decree and judgment by the court pursuant thereto was filed December 27, 1961. On the same day the plaintiff personally satisfied the judgment by entry in the Appearance Judgment Docket and Fee Book of the District Court.

On December 21, 1962, plaintiff filed his petition to vacate the previous judgment. The petition included conclusions and considerable pleading of evidence but in substance alleged that the facts found by the deputy commissioner did not support a 25 percent disability award. Plaintiff sought an award based on permanent total disability.

Defendants filed a motion to dismiss on the following grounds:

"1. That the said petition fails to allege any grounds for

dismissal as set out in Rule 252 of the Iowa Rules of Civil Procedure.

"2. That the petition of the plaintiff is an attempt to impeach the verdict and judgment by attacking the findings of the Industrial Commissioner, the same having been finally adjudicated and the matter being res adjudicata.

"3. That the judgment which the plaintiff requests to be vacated is a consent judgment, the plaintiff and his attorney having signed a stipulation agreeing to the judgment and decree, and the plaintiff is estopped from attacking it.

"4. That said petition fails to allege any facts which could be the basis for setting aside the judgment and decree entered herein."

On February 14, 1963, the motion to dismiss was sustained. Final judgment was entered and this appeal follows.

I. The ruling of the trial court sustaining the motion to dismiss was general. There was no separate ruling on the several grounds as required by rule 118. This rule says:

"Specific rulings required. A motion, or other matter involving separate grounds or parts, shall be disposed of by separate ruling on each and not sustained generally."

In the case before us failure to observe the rule is not so prejudicial as to require reversal but we again call attention to our comment in Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 667, 26 N.W.2d 429.

II. The commissioner found a permanent disability to the extent of 25 percent. He found an industrial rather than a functional disability to that extent. He found against plaintiff's claim of 100 percent industrial disability. Plaintiff-appellant claims the commissioner should have found otherwise. He pleads his difficulty in finding suitable work. The deputy commissioner's finding of fact indicates some skepticism as to plaintiff's efforts in finding work.

There is neither charge nor suggestion of fraud in any of the proceedings. In Scheel v. Superior Mfg. Co., 249 Iowa 873, 881, 89 N.W.2d 377, 382, we said: "The approval of the commutation and order for lump sum payment, like a judg-

1154

ment, are final and conclusive in the absence of fraud or some other equitable ground for disturbing them." (Citations)

 III. Plaintiff claims that the commissioner should have found permanent total disability under the provisions of section 85.34(3) with an award accordingly. To sustain his position plaintiff urges first that the commissioner was wrong in his findings of facts. It is not for us to sit as trier of the facts. That is the duty of the commissioner. Section 86.29, Code of Iowa. The record before us does not show any lack of sufficient competent evidence to warrant the order of the commissioner. Section 86.30, Code of Iowa.

 As his main issue plaintiff claims that his actual physical injury extended beyond the schedule of specifically listed matters set forth in section 85.34(2), a to t inclusive, Code of Iowa, and that he should have been found permanently totally disabled under section 85.34(3).

We do not agree. Section 85.34(2)u, Code of Iowa, covers cases of permanent partial disability other than those specifically listed. We find no error in the commissioner's observance of applicable statutes.

 IV. Appellant in his petition alleges and starts his brief and argument here with the statement that this is an equity action to set aside a consent judgment. This is not an action in equity but as a matter of grace we have considered his claims briefly discussed in Division III. This is not an appeal from the decision of the Industrial Commissioner.

On December 27, 1961, a judgment of the district court was rendered, filed and satisfied. No appeal therefrom was taken and it was a final judgment. Shaw v. Addison, 236 Iowa 720, 727, 18 N.W.2d 796.

What we have in the present case is a proceeding to vacate under Rule of Civil Procedure 252. This rule says:

"Judgment vacated or modified—grounds. Upon timely petition and notice under rule 253 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds:

"(a) Mistake, neglect or omission of the clerk;

"(b) Irregularity or fraud practiced in obtaining the same;

"(c) Erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record;

"(d) Death of a party before entry of the judgment or order, and its entry without substitution of his proper representative;

"(e) Unavoidable casualty or misfortune preventing the party from prosecuting or defending;

"(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial, and was not discovered within the time for moving for new trial under rule 244."

This rule is not applicable where the judgment is void. Jacobson v. Leap, 249 Iowa 1036, 1039, 88 N.W.2d 919. There is no claim that the consent judgment in the case at bar was void.

Proceedings under rule 252 are ordinary actions triable to the court and are at law. Jacobson v. Leap, supra, loc. cit. 1041.

V. The proceedings before the Industrial Commissioner were regular. The proceedings in district court were pursuant to the statute and on plaintiff's petition. Plaintiff petitioned for and stipulated to the entry of the decree and judgment filed and entered. He took the money and satisfied the judgment. Nearly a year later he petitioned for vacation of the judgment but he did not allege any of the statutory grounds therefor. The factual allegations of his petition do not indicate that any such grounds exist.

The motion to dismiss was properly sustained. We find no error. The case is—Affirmed.

All JUSTICES concur.