JAMES DALE CREES, appellee, v. SHELDAHL TELEPHONE COMPANY, employer, and UNITED FIRE & CASUALTY COMPANY, insurance carrier, appellants.

No. 51892.

(Reported in 139 N.W.2d 190)

294

DECEMBER 14, 1965.

Haupert, Robertson & Johnson, of Marshalltown, for appellants.

Austin, Grefe & Sidney, by Ross H. Sidney, of Des Moines, for appellee.

SNELL, J.—This is an appeal from the Findings and Decision of the industrial commissioner and from the affirming judgment and decree of Fayette District Court awarding compensation to an injured employee of Sheldahl Telephone Company. Claimant claims he was injured in the course of his employment.

Defendant-employer and its insurance carrier defended on the ground that claimant was not injured in the course of his employment and does not come within the purview of the Workmen's Compensation Act.

That is the sole issue.

The deputy industrial commissioner, after arbitration hearing, and the commissioner, in review decision, found for claimant. On appeal the district court filed comprehensive findings of fact and review of applicable law and affirmed.

██ I. The commissioner's findings of fact have the same standing as a jury verdict. It is our duty to examine the evidence to determine whether it is sufficient to support the factual conclusion of the commissioner. Sister Mary Benedict v. St. Mary's Corporation, 255 Iowa 847, 849, 850, 124 N.W.2d 548.

II. The rather unusual question involves the extent to which the satisfaction of claimant's appetite and enormous capacity for food was within the scope or course of his employment.

There is no substantial controversy as to the facts. Much of

the following is from the trial court's "Findings of Fact" which are in accord with the commissioner's findings and the record.

The claimant was an employee of Sheldahl Telephone Company, which had a contract with the Fayette County Mutual Telephone Company of Maynard for certain construction work, including switching over of telephone lines. Claimant was a specialist in this type of work, and performed practically all of his work away from the home office or territory of Sheldahl Telephone Company. He was on a salary of $100 per week, plus all expenses while away from home. His only assistant was a man named Ronald Flaum. At the time in question they were working in Maynard putting in a new cable plant, which involved the installation and splicing of wires enclosed in cables. Each was paid a salary plus all expenses while away from home, including expenses for food and transportation. The working hours were determined by claimant. They were usually a minimum of ten hours per day, but many days they ran as high as 14 to 16 hours. About 20 percent of all the work was done at night. The reason for this was that these were off-peak load periods when there would be the least amount of interference with the telephone customers.

It was not unusual to work seven days a week. The working periods were entirely within the judgment and discretion of the claimant. Claimant was furnished a company truck which was used in the business and for such transportation as was required. The assistant had his own car and he was paid for the use of this car while using it away from home.

The accident in question happened on September 6, 1962. Maynard is a small town with only one eating place. Claimant and his assistant set up some kind of living quarters in the Maynard town park about four blocks from the center of town. They had with them some type of eating facilities, and on occasion prepared food at the park; however, generally their meals were eaten in Maynard or at some of the nearby towns. Oelwein was only eight miles from Maynard on a primary paved highway. It has a large variety of eating places.

The evidence is unusual in one aspect. The claimant was a large man and was a man of exceptional eating habits, known to,

and apparently approved by, his employer. It was his custom to eat five times per day. His company, during the nearly thirteen years he worked for them, regularly paid him for that many meals without objection. It was standard practice for the claimant to eat at least twice a day in addition to the regular three normal meals. This usually called for a meal late at night before bedtime. The Maynard restaurant did not serve food after the supper hour and consequently restaurant meals had to be obtained in one of the nearby towns.

On the day in question claimant and his assistant went to the Maynard restaurant at the customary supper hour. Claimant ate a steak supper. His assistant became ill during the meal and went back to the camp without completing his supper. Claimant ate what was left of his assistant's steak.

After supper claimant was with friends. They played and watched some pool games. Someone brought some dry ice from a church supper. They took it to the river and threw it in to watch the steam. They "just goofed off."

Claimant testified that he had one drink of whiskey at his campsite at about 7 p.m. and before supper, and a beer later on, but there was no testimony that he or any of his friends were intoxicated.

Sometime after ten o'clock claimant wanted to eat again as was his custom. The Maynard restaurant was closed. Claimant and his friends drove to Oelwein, the closest town with good eating facilities.

Claimant testified, "I always eat late." He denied that the trip to Oelwein was for social or amusement purposes. He said: "I usually eat because I am hungry. * * * I eat for survival. It may be at eleven o'clock every night. * * *

"Q. And the five meals a day you told us you eat is purely for survival? A. Well, I hate to get along without them."

Following their late meal in Oelwein claimant and his friends started back to Maynard. They were involved in an accident and claimant was injured.

There is no dispute as to the extent of the injuries nor the amount of compensation allowable, if any is due.

■ III. It is well settled that the Workmen's Compensa-

tion. Law, being a remedial statute, is to be liberally construed in favor of the employee. Allied Mutual Casualty Co. v. Dahl, 255 Iowa 208, 219, 122 N.W.2d 270.

It is not for us to sit as trier of the facts. That is the duty of the commissioner. Section 86.29, Code of Iowa. Williams v. Larsen Construction Co., 255 Iowa 1149, 1154, 125 N.W.2d 248.

The test is the sufficiency of the evidence to support the commissioner's decision. Olson v. Goodyear Service Stores, 255 Iowa 1112, 1115, 125 N.W.2d 251.

Findings of the commissioner should be construed even more liberally than those of the court. Kellogg v. Shute and Lewis Coal Co., 256 Iowa 1257, 1266, 130 N.W.2d 667, 672.

IV. To be compensable an employee's injury must occur "in the course of employment" and also "arise out of it." The burden rests on claimant to establish these factors. Sister Mary Benedict v. St. Mary's Corporation, supra, loc. cit. 853 of 255 Iowa.

The deputy commissioner and the commissioner on review found and held as a finding of fact that claimant sustained injuries arising out of and in the course of his employment. The trial court affirmed and we agree.

Claimant had been employed by defendant-employer for about twelve years. He was a skilled, valued and apparently completely trusted employee. By direction of his employer he was working away from home. He set his own hours of labor. His work required skill. It was also physically arduous. He was a big man with a big appetite. He ate when he got hungry. It was his custom to eat late at night. His employer paid his transportation, housing and food bills, including his late suppers, without objection or question. There were no restrictions as to amounts. There was no limit as to the number of times claimant or those working with him could eat. When injured claimant was returning from eating, what for him was one of his regular meals.

In our own state as well as in other jurisdictions there has been a definite trend toward liberality in determining what is in the course of employment and arising out of it. Going to and

returning from work or meals, preparing and eating food, rest, seeking shelter and other personal activities have in various jurisdictions been held within the purview of the statute.

Various situations are exhaustively reviewed in Griffith v. Cole Bros., 183 Iowa 415, 165 N.W. 577, L. R. A. 1918F 923.

In Bushing v. Iowa Railway & Light Co., 208 Iowa 1010, 226 N.W. 719, decedent's body was found in an area where his duties did not require him to be. The evidence created an inference that death was caused by electrocution. We said:

"An injury occurs in the course of the employment when it is within the period of the employment, at a place where the employee reasonably may be in performing his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. [Citations] An injury in the course of employment embraces all injuries received while employed in furthering the employer's business, and injuries received on the employer's premises, provided that the employee's presence must ordinarily be required at the place of the injury, or, if not so required, employee's departure from the usual place of employment must not amount to an abandonment of employment, or be an act wholly foreign to his usual work. [Citations] An employee does not cease to be in the course of his employment merely because he is not actually engaged in doing some specifically prescribed task, if, in the course of his employment, he does some act which he deems necessary for the benefit or interest of his employer. [Citations]." Loc. cit. 1018.

In Kyle v. Greene High School, 208 Iowa 1037, 226 N.W. 71, decedent, a school janitor, had completed his work and returned home. At about 7 p.m. in response to a telephone call that something was wrong with the lights he started back to the schoolhouse. While walking down the middle of the street he was struck by an automobile and suffered injuries from which he died.

The decision was based on the fact that the employee was on a special errand, incidental to but outside the regular duties of his employment. An exception to what was the general rule was noted and we held decedent was within the scope of his employment.

In Walker v. Speeder Machinery Corporation, 213 Iowa 1134, 240 N.W. 725, decedent was a demonstrator and expert repairman. He traveled to such places as were designated by his employer. The employer paid all of decedent's traveling expenses, such as transportation, hotel bills and meals. Decedent, pursuant to direction, went to Pittsburgh, Pennsylvania. He arrived there on Sunday afternoon. He registered at his hotel and then took a nap which lasted through the ordinary time for an evening meal. About nine o'clock he inquired where he could get something to eat. He was directed to a restaurant nearby. While crossing the street he was struck by an automobile. As a result of his injuries he died. Again the authorities were reviewed. We then said:

"It was necessary that Walker should travel, that he should rest at hotels, and that he should eat meals. It was as necessary to the performance of his work that he sustain himself by eating as that he reach the place where the work was to be performed by certain transportation. By virtue of his employment, he was where he could not eat at home or at his regular boarding place. He was, in a sense, living in the employer's quarters, and at the time of the accident was on his way to get a meal furnished to him by the employer. This was a necessary incident to the work. He could not do the work without sustaining himself. He was in the city of Pittsburgh solely because he had been ordered there by his employer. He was waiting there to do the work of the employer. While waiting, it was incumbent and necessary that he sustain himself with food. He was in the act of passing between his hotel and the place where food was to be obtained, when the accident occurred. We think the injury arose out of the employment. See Pace v. Appanoose County, 184 Iowa 498; Rish v. Iowa Portland Cement Co., 186 Iowa 443, l. c. 448. In the latter case this court said:

" 'Injuries received while the workman was engaged in ministering to himself, such as warming himself, seeking shelter, quenching his thirst, taking refreshment, food, fresh air, or resting in the shade, have been held compensable.' " (Loc. cit. 1149)

In Lamb v. Standard Oil Co., 250 Iowa 911, 96 N.W.2d 730, decedent was a traveling salesman. He was on the road every

day and a great number of nights. His expenses were all paid by his employer, including room and meals. He met his death in a highway accident. It was claimed by the employer that on this particular trip he had abandoned his employment and the trip was personal. We sustained the finding of the commissioner that the trip was within decedent's employment. We said:

"The fact that Lamb is next found at the Top Hat Tavern for one and a half to two hours is not inconsistent with this inference. * * *.

■■ "If, after deviating from the employment or a temporary abandonment, the employee returns to the employment, in this case starts the return trip home, and is injured, the injury is compensable. Pohler v. T. W. Snow Construction Co., supra; and Peterson v. Taylor, 1959, Minn., 96 N.W.2d 247. Or if the trip has a dual purpose, both business and personal activities, on the trip home an injury is compensable. Crowe v. DeSoto Consolidated School District, 246 Iowa 402, 68 N.W.2d 63. The injury thus occurred in the course of the employment. However, if the employee by some 'unusual and rash act' causes the injury or it results from risks produced by the personal activities, such injury does not 'arise out of the employment.' Christensen v. Hauff Brothers, 193 Iowa 1084, 188 N.W. 851; Dooley v. Smith's Transfer Co., 26 N. J. Misc. 129, 57 A.2d 554; and Pasquel v. Coverly, 4 N. Y.2d 28, 171 N. Y. S.2d 848, 148 N.E.2d 899. It is evident that in most cases this question is one of fact." (Loc. cit. 916, 917)

In Linderman v. Cownie Furs, 234 Iowa 708, 714, 13 N.W. 2d 677, decedent was drowned while on a vacation fishing trip furnished and paid for by the employer as a prize for business production. A finding by the commissioner that the death was compensable was affirmed. We held that the fishing trip was a part of the business enterprise, designed to stimulate employees to greater efforts to the end that sales and profits be increased.

■ In the case before us claimant was away from home on his employer's business. As was customary with him late in the evening he was hungry. At the time of the accident there was no eating place open in the town where he worked. He was returning from a meal at his employer's expense in the nearest town

with open eating facilities. His eating was a necessary incident to his work. While the number of claimant's daily meals and the time of the meal in question were beyond what we ordinarily think of as normal he was following his own custom and habit. The employer never questioned expense for more than three meals a day or for night meals.

The evidence and the authorities sustain the commissioner and the trial court.

The case is—Affirmed.

All JUSTICES concur.