RUSSELL BERGEN, claimant-appellee, v. WATERLOO REGISTER COMPANY, employer, UNITED STATES FIDELITY & GUARANTY COMPANY, insurance carrier, appellants.

No. 52415.

(Reported in 151 N.W.2d 469)

834

June 6, 1967.

Beecher, Buckmaster, Beecher, Holmes & Lindeman, of Waterloo, for appellants.

Mosier, Mosier, Thomas, Beatty & Dutton, of Waterloo, for appellee.

LARSON, J.—The sole issue presented in this appeal is whether the Iowa Industrial Commissioner had the authority to or could legally order payments for medical benefits and temporary disability resulting from proposed surgery to be performed upon the claimant at a future time, that time being later than three years after the date of the last payment of compensation. The trial court upheld the order of the commissioner, and the employer and its insurance carrier appeal. We affirm.

The facts are not in dispute. On May 23, 1961, the claimant suffered an injury while working for the appellant employer. The injury was compensable under the Iowa Workmen's Compensation Law and the claimant was paid weekly compensation for temporary and permanent partial disability amounting to a total of $2137.50, and his medical and hospital bills totaling $1234.22 were also paid by the employer. The last payment of compensation was on August 11, 1962, and the employer's report and memorandum of agreement were filed with the Iowa Industrial Commissioner, herein referred to as the commissioner, on November 7, 1962.

On March 3, 1964, the claimant filed with the commissioner a petition for review reopening alleging a need and desire for further surgery. He asked that it be authorized and that it be performed by Dr. John Walker. Hearing was had on this request. On June 3, 1965, the commissioner filed his decision therein, finding claimant's condition had changed, that further surgery was warranted, and ordered the employer to furnish the requested treatment and to pay further compensation for temporary disability caused by the surgery. On June 30, 1965, the commissioner wrote a letter to counsel for both the claimant and the employer to the effect that the employer could arrange for claimant's surgery at anytime, tender it to claimant, and that this would discharge the employer's obligation.

On July 7, 1965, counsel for the employer wrote a letter to claimant tendering the surgery and limiting the tender to the period prior to September 1, 1965. Surgery having not been performed prior to that date, the employer filed a "Motion for Order Acknowledging Discharge of Obligation under Review-Reopening Decision" with the commissioner. On October 14, 1965, the commissioner entered an order requiring claimant to show cause why the motion should not be sustained. On October 25, 1965, claimant filed his resistance thereto stating, in substance, that because of financial and personal problems, he had been unable to accept the employer's limited tender of surgery. On November 24, 1965, the commissioner sustained the resistance, overruled the employer's motion to discharge, and ordered the

employer to renew the tender and hold it good until January 31, 1966.

The employer filed notice of appeal to the district court on December 27, 1965, contending (1) that the commissioner was without power or authority to enter such an order for the reasons that (a) he ordered medical payments at a time more than three years from the last payment date of compensation herein, and (b) he ordered payment of compensation at a time which was in excess of three years after the last payment of compensation herein (2) that the claimant was barred from receiving medical payments by section 86.34 of the Code, and (3) that claimant was barred from receiving any compensation benefits by virtue of section 86.34 of the Code.

Pursuant to hearing and arguments of counsel, the district court on May 10, 1966, ruled that section 86.34 did not bar the commissioner from continuing to exercise jurisdiction in the matter for a reasonable time after November 7, 1965, and denied the employer's appeal.

In the statement of errors relied upon for reversal appellants contend: 1. The trial court erred in affirming the order of the Iowa Industrial Commissioner dated November 24, 1965. 2. The trial court erred in ruling that the commissioner had power to order that compensation payments would accrue at a time which was more than three years after the date of last payment of compensation made under a memorandum of agreement. 3. The trial court erred in ruling that the commissioner had power to order the payment of medical expenses which were to be incurred upon a date or dates more than three years after the date of last payment of compensation made under a memorandum of agreement.

Section 86.34 of the 1958 Code of Iowa provides: "Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner or a deputy commissioner at the request of the employer or of the employee at any time within three years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee

warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon. Any party aggrieved by any decision or order of the industrial commissioner or a deputy commissioner on a review of award or settlement as provided in this section, may appeal to the district court of the county in which the injury occurred and in the same manner as is provided in section 86.26.''

■ I. A determination by the commissioner that there is a change of condition which warrants a modification of a memorandum of agreement, being a factual question, may not be redetermined on appeal if there is substantial evidence to support the commissioner's finding. Henderson v. Iles, 250 Iowa 787, 794, 96 N.W.2d 321; Rose v. John Deere Ottumwa Works, 247 Iowa 900, 907, 76 N.W.2d 756; Williams v. Larsen Construction Co., 255 Iowa 1149, 125 N.W.2d 248; Bousfield v. Sisters of Mercy, 249 Iowa 64, 86 N.W.2d 109; Stice v. Consolidated Indiana Coal Co., 228 Iowa 1031, 291 N.W. 452. As we understand it, no serious question is raised herein as to the commissioner's finding that, subsequent to the last payment of compensation, claimant suffered a change of condition which would justify further medical benefits and additional compensation. The record seems to sustain that finding.

II. The nub of this controversy is whether the provisions of section 86.34 prohibit the commissioner from allowing or ordering medical benefits or compensation commencing after three years from the date of the last payment of compensation under the filed memorandum of agreement.

In this jurisdiction at least, the question presented has not been determined by the courts. True, we have considered the limitation placed in section 86.34 as a statute of limitation. Secrest v. Galloway Co., 239 Iowa 168, 30 N.W.2d 793; Tischer v. Council Bluffs, 231 Iowa 1134, 3 N.W.2d 166. However, its application has been extended only to the requirement that the request for a review be made to the commissioner within time prescribed and not thereafter. We have not considered this a restriction upon the commissioner's power or authority, once a timely request has been made to him, nor have we considered

whether benefits allowed pursuant to such a timely request must commence before the time prescribed elapsed.

In other words, our problem here is whether section 86.34, Code 1958, contemplated that medical services and compensation could or could not be awarded for a date later than three years from the date of last payment of compensation made under a previous award or agreement. Clearly, this is a matter of statutory construction.

III. Workmen's compensation statutes must be liberally construed. Bousfield v. Sisters of Mercy, supra, 249 Iowa 64, 69, 86 N.W.2d 109; Day v. Town Club, 241 Iowa 1264, 1267, 45 N.W.2d 222; Jacques v. Farmers Lbr. & Sup. Co., 242 Iowa 548, 551, 47 N.W.2d 236, and citations. Since the statute says nothing as to how the request should be presented to the commissioner and nothing regarding the tolling of this statute, we must approach the problem on the basis of reason and logic, keeping in mind the purpose of these provisions, i.e., to justly compensate for personal injuries sustained arising out of and in the course of employment.

Appellants contend the purpose of the statute of limitations was to put an end to uncertainty and to lay claims to rest, to protect the employer from indefinite exposure to claims of this nature. They refer to the Secrest case where we reviewed the history of the compensation statute and which originally provided no statute of limitations for filing applications for review. A five-year limitation enacted in 1933 was reduced to three years in 1945. This, they urge, is indicative of the legislature's desire to limit claims to reasonably-connected traumas, and not allow their continuance into periods where proof of injury-connected change is uncertain and hard to get. Thus, they argue, to permit the commissioner to extend the time for medical treatment and disability compensation beyond the three-year period is to make the limitation meaningless and ineffective.

On the other hand, appellee contends that where the commissioner's jurisdiction has been invoked within the three-year period and the change of condition warranting the modification has been determined, the requirements of the statute have been met, that to read into it the requirement that the claimant must

*commence* his treatment and incur a disability thereby before the period expires, would be to read therein a provision not provided by the legislature, and would be an unduly harsh and strict construction of this provision. He points out, in this case the commissioner reviewed a timely request for a reopening and thus did not lose jurisdiction, and that, once legally obtained, the commissioner does not lose jurisdiction unless the claimant fails to request the reopening within the three-year period prescribed in the statute. He maintains this limitation is placed upon the rights of interested parties to receive the benefits allowed, not on the right of the commissioner to act after timely request, citing Secrest v. Galloway Co. and Tischer v. Council Bluffs, both supra.

■■ We are inclined to agree with appellee's interpretation. In our judgment the fair and reasonable construction to be placed upon section 86.34, Code 1958, is that the statute is not a limitation upon the jurisdiction of the commissioner and that he retains jurisdiction in such a matter until there is a commutation, a failure of the claimant to make a timely request for review, or a proper or legal discharge. We are also satisfied the limitation is placed upon the interested parties, and that unless either party files a "request" within the three-year period, his right to have the previous award diminished, increased or ended, ceases. In other words, by filing the request in time, the statute of limitations is tolled and the period in which claimant may receive the requested and approved benefits is extended, at least for a reasonable period thereafter. While the reasonableness of this extension may be questioned in further proceedings and in the courts, we find the action here was not an abuse of the commissioner's discretion.

■ IV. In the present case it appears the claimant was operated on for a herniated intervertebral disc and, subsequent to the operation, continued to suffer pain. It was agreed by the various doctors that further surgery, i.e., a fusion operation, was advisable. It was this need that resulted in the request for review reopening and became the basis of the commissioner's grant of further benefits on June 3, 1965. Evidently the former surgery did not obtain the relief desired and expected.

It further appeared that, due to his physical condition, finances and other personal reasons, claimant was unable to submit himself to the operation in the summer and fall of 1965. Appellants' motion for discharge filed October 7, 1965, resulted in a show-cause order by the commissioner on October 14, 1965. Being satisfied with claimant's showing of reasons for the delay in submitting to surgery, the commissioner ordered the employer to renew the tender and, in effect, gave claimant until January 31, 1966, to commence his treatment and period of disability.

The trial court concluded the commissioner had not been deprived of jurisdiction to act in this matter and was not unreasonable or arbitrary in extending the time in which claimant must commence his compensable medical treatment and receive disability compensation under the increased award. We concur in that decision and find in section 86.34 no requirement that increased benefits, duly awarded, must be commenced or completed within the three-year limitation provided therein for a review request after the date of the last payment under a memorandum of agreement. We have examined the cases cited us from other jurisdictions, such as Florida and New Jersey, but do not find them in conflict with the result reached herein.—Affirmed.

All JUSTICES concur.