Helen MERCHANT, Claimant-Appellant,

v.

SMB STAGE LINES, Employer, and Carriers Insurance Company, Insurance Carrier, Defendants-Appellees.

No. 53639.

Supreme Court of Iowa.

Dec. 9, 1969.

Wetz & Cosgrove, Sioux City, and Shull, Marshall, Marks & Vizintos, Sioux City, for claimant-appellant.

Davis, Huebner, Johnson & Burt, Des Moines, for appellees.

LARSON, Justice.

Pursuant to the death of her husband, LaVerne Roy Merchant, employed as a driver of a mail bus, Helen Merchant filed an application for compensation under section 86.24 of the Iowa workmen's compensation law. She claimed trauma resulting from an accident involving the mail bus on April 14, 1964, which superimposed upon a pre-existing heart disease, aggravated the disease and became a contributing cause of his death.

Defendants denied the claim maintaining that LaVerne Roy Merchant died as a result of a fatal heart attack and that the accident involving the bus was a result, not a cause of his death.

Evidence was presented to the deputy industrial commissioner on August 3, 1966, who found the mail bus which the employee Merchant was driving went into the ditch after he had suffered the heart attack, that death did not arise out of his employment but resulted from a natural cause not connected with the employment, and on July 6, 1967, denied claimant's application for an award. Claimant appealed to the industrial commissioner and on August 10, 1967, he affirmed the findings and conclusions of the deputy. On September 8, 1967, claimant appealed to the district court, which rendered a written opinion affirming the decision of the commissioner. This appeal followed. We affirm.

In her statement of errors relied on for reversal appellant contends (1) that the count erred in finding that there was sufficient competent evidence to support the order of the commissioner denying compensation benefits, and (2) that the court erred in failing to find that the claimant was entitled to an award of compensation benefits as a matter of law.

From the record we learn that LaVerne Merchant, age 39, was employed by the defendant SMB Stage Lines as a driver of a highway post office bus operating between Watertown, South Dakota, and Sioux City, Iowa. On April 14, 1964, after his bus was loaded by others, he commenced his run to Sioux City at 7:28 P.M. The weather was pleasant and there was no apparent reason why the bus ran off the road four or five miles outside Watertown. However, it did cross over the northbound lane of the pavement and upset in the east side ditch, landing on its right side.

The driver's compartment of the bus is separated from the working area by a partition. There is a wire mesh door in the partition connecting the two areas. When in operation, this door is covered by a drawn curtain. The bus is about 38 to 40 feet in length, and the working area is about 35 feet long. There is a stepwell in the floor on the right side of the driver's compartment.

Clarence Baldwin, foreman of the crew, was working about three feet from the door at the time of this accident. Eugene Nyhus, another postal worker, was occupied in the rear of the bus when it left the highway. Baldwin testified he noticed nothing unusual until he heard what seemed like an exclamation "or you might call it an outcry or some sound come from Mr. Merchant." He said he took that to be an indication that something was not right. He felt the wheels sort of bounce on the shoulder of the road, grabbed ahold of a rack, was thrown to his knees, and lost consciousness. When he came to he was dazed and confused, but made his way out the back door around the bus to the driver's compartment and found Merchant lying in a cramped position in the stepwell with his knees jammed against his chest. Merchant was unconscious but seemed to be trying to get his breath. Baldwin straightened him out and went to the highway for help. He estimated it was two or three minutes after he regained consciousness before he was able to reach and aid Merchant.

Mr. Nyhus testified he was working at the dump table about 15 or 20 feet back of the partition. He said he felt the bus swerve and there was a big impact as they turned over. He also said Baldwin went forward but, when he couldn't get the door open, went out the back. After he left, Nyhus said he heard Merchant groaning for three or four minutes.

In the meantime Mr. Baldwin flagged down a truck, and a passing motorist told him an ambulance was on its way. When he returned to Merchant, there was no sign of life.

Decedent's body was taken to Sioux Falls, where an autopsy was performed by Dr. Karl H. Wagner. His report, Exhibit 2, revealed considerable damage to decedent's heart and he concluded death resulted from a severe coronary disease with complete occlusion of his anterior descending coronary artery, which was not acute and probably had occurred as much as two or three weeks prior to death. The coroner at Watertown filed a certificate of death giving its cause as acute myocardial infarction, and the interval between onset and death as "immediate."

Two doctors testified hypothetically in the proceedings. Dr. Robert C. Larimer, M.D., on behalf of claimant, testified it was his opinion based upon the findings of the autopsy report that death occurred as a result of an acute loss of the heart's rhythm, ventricular fibrillation, and he took the position that the accident aggravated the condition present in Merchant's heart. However, he admitted on cross-examination that trauma is not necessary to produce fibrillation and that the coronary blood vessels had marked coronary atherosclerosis which would reduce effective musculature of the heart muscle.

Dr. Donald J. Schissel, M.D., on behalf of defendants, testified that in his opinion decedent had experienced a cardiac arrest because of a severe coronary heart disease, as disclosed by two myocardial infarctions.

He opined the death was not due to trauma but as a result of a prior attack.

The claimant testified neither she nor the decedent was aware of any heart condition and that he had had no previous attacks.

The trial court stated the problem presented in this case is one of causation and depends upon a solution of the question of whether Merchant's fatal heart attack preceded the accident or whether the accident first occurred and the heart attack and death were induced by the trauma. It reasoned that if the attack preceded the accident there was no showing that it was employment-connected and no award was proper. If the attack followed the accident and was induced by the trauma resulting from it, a finding that death arose out of and in the course of employment was required. It considered claimant's contention that since death was caused by ventricular fibrillation of the heart, it must have occurred within seconds of the attack, that since the testimony shows Merchant lived several minutes after the accident, the attack must have followed rather than preceded it, and that since there was no conflict in the record and reasonable minds could not differ on the inferences fairly to be drawn from the facts shown, she was entitled to an award as a matter of law. The court, however, did not agree, but concluded the soundness of her position must be tested largely by an analysis of the medical testimony. We agree.

I. Workmen's compensation appeals in Iowa are provided for by chapter 86 of the Code, 1966.

Section 86.29 provides:

"The transcript as certified and filed by the industrial commissioner shall be the record on which the appeal shall be heard, and no additional evidence shall be heard. In the absence of fraud the findings of fact made by the industrial commissioner within his powers shall be conclusive."

Section 86.30 provides:

"Any order or decision of the industrial commissioner may be modified, reversed, or set aside on one or more of the following grounds and on no other: * * * 3. If the facts found by the commissioner do not support the order or decree. 4. If there is not sufficient competent evidence in the record to warrant the making of the order or decision."

The general rules governing workmen's compensation appeals have been considered and discussed in Musselman v. Central Telephone Co., Iowa, 154 N.W.2d 128, and Bodish v. Fischer, Inc., 257 Iowa 516, 133 N.W.2d 867, and citations.

■ It is claimant's burden to show by a preponderance of the evidence that the injury or death of the employee arose out of and in the course of employment. The commissioner's findings of fact have the effect of a jury verdict and, where the evidence is in dispute or where reasonable minds may differ on inferences fairly to be drawn from the disclosed facts, the commissioner's findings of fact are conclusive on appeal. On the other hand, if there is no dispute in the facts and different inferences could not be fairly drawn from them, a question of law is presented and the court is not bound by the commissioner's findings and conclusions. Bodish v. Fischer, Inc., supra; Hemker v. Drobney, 253 Iowa 421, 424, 112 N.W.2d 672, 673, 674, and citations; Olson v. Goodyear Service Stores, 255 Iowa 1112, 1115, 125 N.W. 2d 251, 253.

■ Our duty, then, is to determine whether there is sufficient competent evidence to warrant the decision the commissioner made, not whether there is sufficient evidence to warrant a decision he did not make. Bergen v. Waterloo Register Co., 260 Iowa 833, 837, 151 N.W.2d 469, 471, and citations; Nelson v. Cities Service Oil Co., 259 Iowa 1209, 1215, 146 N.W.2d 261, 264; Wagner v. Otis Radio & Electric Co., 254 Iowa 990, 993, 119 N.W.2d

751, 752, and citations; Swain v. Monona County, Iowa, 163 N.W.2d 918, 920.

■ The commissioner, not the court, weighs the evidence, and his findings will be broadly and liberally construed to uphold rather than defeat his decision. Wagner v. Otis Radio & Electric Co., supra; 100 C.J. S. Workmen's Compensation § 757, p. 1145, and § 763(2), pp. 1175–1177.

■ II. The vital question here presented is whether claimant sustained her burden to show that her husband died as a result of trauma rather than from natural causes. In order to prevail here, the record must disclose this fact as a matter of law. The matter of causal connection between decedent's fatal heart attack and this accident is not within the knowledge and experience of ordinary laymen, but is a question as to which only a medical expert can express an intelligent opinion. Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 383, 101 N.W.2d 167, 171; Bodish v. Fischer, Inc., supra, 257 Iowa 516, 521, 133 N.W.2d 867, 870; and citations in each case.

Dr. Larimer testified: "I would find no way of telling medically on the basis of information at hand which occurred first, the fibrillation or the wrecked truck" and stated if the fibrillation took place first, then it could be assumed that it was caused by ischemia (blood deficiency), which would be as rational a conclusion as that it was caused by trauma. He further stated that to say whether the fibrillation was caused by trauma or blood deficiency would be conjectural.

Dr. Schissel, the other medical expert, stated it was his opinion under the information presented that there was no causal connection between deceased's death and the accident and that death was not caused by trauma. He also conceded the order of occurrences, i. e., the heart attack and the accident, was in the area of speculation. Viewed most favorable to her, the evidence

that the death was caused by the trauma of the accident is only conjectural.

■ Without question Mr. Merchant had suffered from heart disease for some time before this attack, and it appeared his total vascular system was in an advanced stage of disease. Thus, he was subject to a fatal attack with or without trauma, and to recover here claimant had the burden to prove by a preponderance of the evidence that it occurred as a result of trauma. We hold here an issue of fact was generated and therefore the commissioner's finding against her is conclusive.

■ III. Appellant's contention that causation was shown as a matter of law was properly rejected. Her argument that since the evidence showed Merchant lived several minutes after the accident, which under Dr. Larimer's testimony would have been impossible if the attack preceded the accident, is not persuasive. We agree with the trial court's analysis of this matter when it said: "Dr. Larimer was of the opinion that death was caused by cardiac fibrillation and his statement relative to immediate death was based upon this assumption. Dr. Schissel did not so pinpoint the heart difficulty. His testimony referred to cardiac arrest or fibrillation and to a failure of circulation or failure of the heart. And, of course, there was discussion of ischemia or blood deficiency as a causative factor. The Commissioner was not required to accept Dr. Larimer's opinion relative to fibrillation in view of all of the testimony. Furthermore, the significance of the fact that the deceased lived for several minutes was not directly, but hypothetical question or otherwise, posed to either doctor. We have no direct medical testimony, therefore, that this survival time necessarily indicated that the attack followed the accident. It was an inference which the Commissioner could well have drawn from Dr. Larimer's testimony but one which he was not required to draw under the record as made."

In this connection we are satisfied that the record is not one which shows causal connection as a matter of law.

IV. Finding no error, the trial court's ruling sustaining the commissioner's decision must be affirmed.

Affirmed.

All Justices concur, except REES, J., who takes no part.