262 A.2d 381.
Eva A. Fusaro *vs.* Berkshire Hathaway, Inc.
FEBRUARY 25, 1970.
Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

640

JOSLIN, J. The narrow question presented by this appeal from a decree of the Workmen's Compensation Commission is whether the fulfillment of an employer's obligation to pay weekly compensation for total incapacity ousts the Commission of jurisdiction to act upon a then pending employee's petition for medical benefits. We hold that in the circumstances of this case there is no ouster.

The facts are not in dispute. Eva Fusaro, the employee, sustained a compensable injury on November 3, 1958 and thereafter entered into preliminary agreements with her employer pursuant to which she has since received weekly compensation for either total or partial incapacity. In November of 1968, ten years after her disabling injury, she was still incapacitated. Despite several earlier procedures, she required additional surgery to relieve her from the effects of her injury and on November 1, 1968, she filed a petition requesting the Commission to direct her employer to provide her with that surgery.[1]

Although the application for medical benefits was filed

---

[1]Her petition was filed pursuant to G. L. 1956, §28-33-5, as amended by P. L. 1968, chap. 131, sec. 1, which in pertinent part reads: "The employer shall * * * promptly provide for an injured employee such reasonable medical, surgical, dental, optical or other attendance or treatment, nurse and hospital service, medicines, crutches and apparatus for such period as is necessary, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *."

while the employee was still entitled to and was receiving weekly benefits for total incapacity, her entitlement to those benefits terminated on December 6, 1968. As of that date her employer had paid her a total of $16,000 in weekly benefits for total incapacity and consequently was relieved of the obligation to make further payments.[2] Ten days later, on December 16, 1968, her petition for medical benefits was heard by a trial commissioner who found in her favor. The employer appealed and the full commission, with one commissioner dissenting, reversed. It tied its jurisdiction to award medical benefits to the availability of weekly compensation, and it held that the employee's right to have her employer provide medical services pursuant to §28-33-5 and §28-33-8, as amended by P. L. 1960, chap. 128, sec. 1, even though previously applied for, came to an end simultaneously with the fulfillment of its responsibility under §28-33-17 to provide weekly compensation benefits. This appeal followed.

The issue is legal, not factual, and involves construing §28-33-5 with a view to ascertaining whether it contemplates that the Commission's jurisdiction to award surgical and related benefits previously applied for will terminate once the employer has paid the statutory maximum in weekly benefits for total incapacity.

Section 28-33-5 is apparently open-ended as to time limitations. It provides that an injured worker shall be furnished with medical services " * * * *for such period as is necessary*, in order to cure, rehabilitate or relieve the employee from the effects of his injury * * *." (Emphasis supplied.) For us to disregard that clear language in this

---

[2]G. L. 1956, §28-33-17 (1968 Reenactment) establishes the amounts for which an employer shall be responsible and it provides in pertinent part that: "* * * in no case shall the period covered by such compensation [the period during which weekly compensation benefits for total incapacity are paid] be greater than one thousand (1,000) weeks from the date of the injury nor the amount more than sixteen thousand dollars ($16,000)."

case and to make this employee's right to surgical and incidental benefits depend upon the happenstance of whether the decree directing their payment was entered prior or subsequent to the termination of the employer's obligation to pay weekly compensation would be to rewrite the statute by inserting a limitation which the legislature obviously did not see fit to include. In like situations and faced with substantially similar statutory provisions other courts have rejected that alternative. *Bergen* v. *Waterloo Register Co.*, 260 Iowa 833, 151 N.W.2d 469; *Brown* v. *Travelers Ins. Company*, 247 La. 7, 169 So.2d 540; *J. H. Moon & Sons* v. *Hood,* 244 Miss. 564, 144 So.2d 782; *Andrews* v. *Decker,* 245 Md. 459, 226 A.2d 241. We see no reason for acting otherwise. In our judgment, nothing in §28-33-5 in any way inhibited the Commission's jurisdiction to act upon the employee's petition for benefits solely by reason of the fact that her request, although filed when the employer was paying her weekly compensation benefits, was not heard or adjudicated until after the expiration of the obligatory compensation period.

The employer points to no provision in the act or in the second injury indemnity fund legislation (chapter 37 of title 28) which defeats the open-endedness of §28-33-5 as it relates to the factual situation of this case or which otherwise supports its position. Instead, it relies upon *Cabral* v. *Hall,* 102 R. I. 320, 230 A.2d 250, where we held that the second injury indemnity fund may properly be charged with the payment of "new" medical expenses, that is to say, expenses which were not being paid by the employer for the benefit of the injured worker at the time he became eligible to claim from the fund. In that case, however, the filing of the petition for medical benefits consisting of weekly payments for nursing services postdated the injured worker's eligibility to receive payments from the fund whereas here the employee applied for relief while

her employer was still paying weekly compensation for total incapacity and before she became entitled to receive either compensation payments or medical benefits from the fund. It is the difference in the date of filing of the petition for benefits as well as the particular type of benefit applied for which distinguishes one case from the other. Though *Cabral,* within its factual context, holds that the fund becomes responsible for weekly compensation and medical benefits *once the employer's liability therefor has terminated,* it is not authority for the conclusion that payment by an employer of the statutory maximum for total incapacity will thereby deprive the Commission of jurisdiction to act upon a then pending request for surgical and related services.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings consistent with this opinion.

*Cameron P. Quinn, Matthew F. Callaghan, Jr.,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* of counsel, for respondent.