Gerald W. **BERGEN**, Claimant,

v.

**CEDAR FALLS DAIRY**, Employer, Allied Mutual Ins. Co., Insurance Carrier.

No. 54303.

Supreme Court of Iowa.

Feb. 9, 1971.

Mosier, Thomas, Beatty, Dutton & Braun, Waterloo, for appellant.

Swisher & Cohrt, Waterloo, for appellees.

RAWLINGS, Justice.

Appeal from district court judgment upholding Industrial Commissioner's review decision denying workmen's compensation to claimant. We affirm.

Gerald W. Bergen, 67 year old claimant, was instantly employed by Cedar Falls Dairy.

August 12, 1965, while lifting a case of milk, Bergen's right foot went out from under him and he "came down" on his knee. No resultant discomfort was then noticeable. The next day, however, he experienced intense work disabling back pain. This progressed to a debilitating condition, with complications, and an ultimate laminectomy of L–4 and L–5 for the removal of certain granulated tissue.

Other relevant facts will be later considered.

I. Pertinent principles governing our review are extensively set forth in Henderson v. Jennie Edmundson Hospital, 178 N.W.2d 429, 431 (Iowa); Merchant v. SMB Stage Lines, 172 N.W.2d 804, 807 (Iowa); Deaver v. Armstrong Rubber Co., 170 N.W.2d 455, 459 (Iowa). Those guidelines need not now be reiterated.

II. The basic question posed is whether there is sufficient competent evidence warranting the Commissioner's decision, not whether it suffices to justify one not made.

There is testimony to the effect that despite a "prior to fall" history of injuries and operations, claimant had never experienced any particular low back problems.

No useful purpose will be served by elaborating on the medical evidence presented. In brief it discloses that over an extended but unknown period of time claimant had developed a chronic extra-dural mass located outside the dural sac, described as an infectious lesion creating pressure on the nerve roots.

With regard to causal relationship between this condition and the fall, various medical experts testified to the effect, (1) trauma would neither have caused nor produced any spreading of the infectious le-

sion; (2) the work related incident could have aggravated a pre-existing condition; (3) it is possible the fall aggravated the extant spinal cord abscess; (4) choosing between suppositions it is likely the fall contributed in some way to the onset of symptoms; or (5) possibly the abscess became instantly aggravated without regard to the fall. No doctor would say there was a *probable* causal connection between claimant's fall and his subsequent condition.

Under comparable conditions this court upheld a Commissioner's decision adverse to the claimant in Giere v. Aase Haugen Homes, Inc., 259 Iowa 1065, 146 N.W.2d 911. Our holding in that case is here most persuasive if not controlling.

We find no basis upon which to conclude other than that trial court correctly upheld the Industrial Commissioner's decision.

Affirmed.

All Justices concur.