56 F.3d 68
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Susan B. COX; Russell A. Cox, Appellants,
v.
Mary R. FRITZ, Appellee.
 No. 94-2925
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1995
Filed: June 1, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Susan B. and Russell A. Cox brought an action in Iowa state court against Mary R. Fritz, Susan Cox's coworker, alleging negligence and loss of consortium in connection with injuries Susan Cox sustained during a car accident that occurred while Cox was a passenger in Fritz's car. Fritz removed the case to federal court and moved for dismissal based on lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In support of their positions on the motion, Fritz and the Coxes submitted materials outside the pleadings. Treating the motion as one for summary judgment under Federal Rule of Civil Procedure 56, the district court entered judgment in favor of Fritz, concluding the Iowa Workers' Compensation Act provided the only remedies for the Coxes because Susan Cox was acting within the scope of her employment at the time of the accident. See Iowa Code Sec. 85.20 (1995). The Coxes appeal, and we affirm.
 
 
 2
 The Coxes argue the district court committed prejudicial error in treating Fritz's dismissal motion as a summary judgment motion. See Osborn v. United States, 918 F.2d 724, 728-30 (8th Cir. 1990). Even if the district court should not have applied summary judgment standards to Fritz's Rule 12(b)(1) motion because the issue of subject matter jurisdiction was not intertwined with the case's merits, see id. at 729-30, any error the district court committed in converting the Rule 12(b)(1) motion to a summary judgment motion was harmless. Here the Coxes did not get an evidentiary hearing on the jurisdictional issue, but Rule 12(b)(1) did not require an evidentiary hearing because the district court resolved the issue based on undisputed facts. See id. at 730. Also, the Coxes had notice the district court was considering material outside the pleadings because Rule 12(b)(1) entitled the district court to do so, and because the Coxes submitted some of the evidence themselves. Cf. Angel v. Williams, 12 F.3d 786, 788-89 (8th Cir. 1993) (any error district court committed in converting Rule 12(b)(6) dismissal motion to summary judgment motion was harmless because parties had constructive notice of conversion).
 
 
 3
 The Coxes also argue the district court committed error in concluding Susan Cox's injuries arose out of and in the course of her employment. Because the district court determined the issue of subject matter jurisdiction based on the complaint supplemented by undisputed facts, we review whether the district court correctly applied the law and whether the relevant facts were undisputed. See Osborn, 918 F.2d at 730. Under Iowa law, "an injury occurs in the course of employment when it happens within the period of employment at a place the employee may reasonably be, and while the employee is doing work or something incidental to it." Hanson v. Reichelt, 452 N.W.2d 164, 166 (Iowa 1990). An employee's injury may occur in the course of employment even if it happens away from the usual workplace, as long as the departure is not an abandonment of work or wholly foreign to the employee's work. See Briar Cliff College v. Campolo, 360 N.W.2d 91, 93-94 (Iowa 1984). An employee remains in the course of employment if the employee " 'does some act [that the employee] deems necessary for the benefit or interest of [the] employer.' " Id. at 94 (quoting Bushing v. Iowa Ry. & Light Co., 226 N.W. 719, 723 (Iowa 1929)).
 
 
 4
 According to the undisputed evidence before the district court, coworkers Cox and Fritz were in Fritz's car on their way to make sales calls shortly before the accident. Cox noticed it was about noon and suggested stopping for lunch because most of their customers would be unavailable at lunchtime. When the accident occurred, Fritz was attempting to turn left into the restaurant parking lot, and Cox was organizing customer history cards in preparation for the sales calls. In the circumstances of this case, we agree with the district court that Cox was acting within the scope of her employment at the time of the accident, and thus the Iowa Workers' Compensation Act provides the exclusive rights and remedies for the Coxes. Cf. Caterpillar Tractor Co. v. Shook, 313 N.W.2d 503, 507 (Iowa 1981) (employee acting within scope of employment when driving between work locations; travel was "incidental to" duties); Crees v. Sheldahl Tel. Co., 139 N.W.2d 190, 194-96 (Iowa 1965) (travelling repair technician who was reimbursed for meal expenses was acting within course of employment when he drove to next town to find open restaurant for late-evening meal; eating was "necessary incident" to work).
 
 
 5
 Accordingly, we affirm the district court.