BERTHA WHELTON, Administratrix, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**NEGLIGENCE:** Contributory Negligence Per Se. One who, in full
1 possession of sight and hearing, and without distracting circumstances, walks at night on a railway track and up a heavy grade, and permits himself to be hit from the rear by a heavy freight train, drawn by two engines without headlight, but with unusual noise, is guilty of contributory negligence *per se*.

**NEGLIGENCE:** "Last Clear Chance." The "last clear chance"
2 doctrine is not available to an injured party who, by his own pleadings or otherwise, negatives wantonness or the essential fact that the injured party was seen at any time prior to the injury.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

OCTOBER 2, 1920.

PLAINTIFF has verdict and judgment on a claim that the negligence of the appellant injured her intestate. The defendant appeals.—*Reversed.*

*Hughes, Sutherland & O'Brien* and *J. U. Sammis,* for appellant.

*George Yeaman* and *Jepson & Struble,* for appellee.

SALINGER, J.—I. Decedent was not a trespasser, but a licensee. The claim and theory of the plaintiff is that decedent was walking on the track, and was killed by the negligent operation of a train that overtook him.

1. NEGLIGENCE: contributory negligence *per se.*

It is suggested for the appellant, in effect, that the physical facts negative that dece-

dent was killed by being struck by the front end of the train. And appellant suggests other theories as to how the decedent came to his death. If, on assuming the theory of plaintiff to be correct, we must still hold that plaintiff cannot recover, we shall have no need to consider the validity of opposing theories advanced. It is one branch of the claim of the plaintiff that, on the train behind plaintiff, no bell was rung and no whistle blown. Let us assume that this is so. Let us further assume that the witness who speaks to it says he does not know when decedent looked back, does prove that decedent "looked back ocasionally." Now it is shown without dispute that decedent had good hearing, and that it was night when decedent was struck. Concede, for the sake of argument, that the sense of sight was made proper use of. But, if the approaching train must have been heard in ample time to step off the track, what does it matter that its approach was not announced by either bell or whistle?

What is the state of the evidence on warning other than by bell or whistle?

The train was running on a very steep grade,—15 feet in 1,200,—and there were curves and reverse curves. It consisted of 26 loaded freight cars, and needed and had two engines. As decedent and his companion were walking the track in front of this train, they were able to understand what each said to the other. It is conclusively shown the train was making an unusual amount of noise, and it was a physical impossibility for these engines to haul that train up these grades without a great deal of puffing and noise; and it is testified to without dispute that the two continued to walk right on their way, and paid no attention to the train.

Not only is it so shown that the train must have been heard by decedent, but it is established that a witness who saw decedent on the track did at that time see and hear the train very plainly. True, whether one is guilty of contributory negligence is ordinarily a jury question. That proposition requires no citations. But all fact questions

in a trial at law are usually for the jury. But as clear as all this is, is it that what is ordinarily a fact question may become a law question. It does become one when such fact is not in dispute. There is created a law question: to wit, the effect in law of the established fact. That is the situation here. That decedent had the duty to use his sense of hearing needs no support by citation. It is conclusively shown that he did not perform that duty, that he had ample opportunity to perform it, and that he was injured because he did not obey what his hearing must have suggested—leaving the track.

Contributory negligence bars recovery, unless the doctrine of last clear chance may be submitted to a jury.

II. In the first place, the last clear chance rule is not relied on in the petition. It need not be pleaded to, but, when pleaded, it throws light on what the plaintiff asserts in doctrine. There is no allegation that the
2. NEGLIGENCE: "last clear chance." employees of the defendant acted wantonly, or that they actually at any time did discover the presence of decedent on its tracks. The allegation is that the employees were negligent in that they could and should, in the exercise of ordinary care and diligence, have discovered the decedent upon the tracks; that they were negligent in failing to discover the perilous position of decedent, and were careless and negligent in not stopping the train in time to have avoided striking and running over him. This is all a plea of *original* negligence.

Second, the petition negatives that the decedent could be or was seen. One ground of negligence relied on is that the engine was not equipped with any headlight, and that it was negligent not to have sufficient headlight to have enabled decedent to become aware of the approach of the train. Another allegation of negligence is that the train was running at a high and dangerous rate of speed, and in excess of 35 miles an hour. It may be conceded there is a conflict on whether these allegations are true. But, be that as it may, these allegations bind the one who makes them. When their truth militates against the one who pleads

them, they must be taken to be true, as against him. How can it be said that the employees of the defendant wantonly ran over the decedent though they saw him in time to avoid injuring him, when these employees were operating a train in the nighttime, running at over 35 miles an hour, and without a headlight? To do these things is, of course, negligence. But certainly, it is no evidence that the decedent was, in fact, seen at all, or seen in a position of peril in time to avoid striking him. Under the allegations of the petition, and under the assumption that these allegations are true, not only has plaintiff failed to make a jury question of the last clear chance, but presents a record which negatives what must be shown to invoke the doctrine.

It follows that the judgment below must be—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.