GRAY, Appellant, vs. LORD, Respondent.

*September 16, 1937—January 11, 1938.*

*W. G. Haddow* of Ellsworth, for the appellant.
*Irwin E. Magee* of Ellsworth, for the respondent.
The following opinion was filed October 12, 1937:

WICKHEM, J. For some time prior to November 7, 1927, the Crystal Spring Stock Farm, a corporation, the stock of which was owned by Fred D. Lord, was the owner of six hundred seventy acres of farm land in Pierce county. The farm was occupied by George L. Miller and Louis E. Miller, his son, as tenants, the Millers owning the personal property situated thereon. On this date a written agreement was entered into between the corporation and the Millers. In view of the court's conclusion, it will only be necessary to state that by this agreement the Millers conveyed to the corporation an undivided one-half interest in the personal property in consideration of the cancellation of a promissory note given by George L. Miller to the corporation, and that the agreement includes what purports to be a lease by the corporation to George L. and Louis E. Miller for a term of six years. The contract contains detailed provisions for a division of profits and other agreements out of which there has arisen a contention that its effect was to create a partner-

ship between the corporation and the Millers. This partnership, due to the fact that the corporation was later dissolved and its assets assigned to the defendant Lord, is now claimed to exist between the Millers and Lord, and to result in a liability on the part of Lord to Gray for cattle bought for the purposes of the partnership.

The Millers operated the farm under this agreement until George L. Miller was adjudged insane on July 27, 1935. Plaintiff, a farmer, had an auction sale of some cows and calves on May 25, 1935. Defendant Lord and George L. Miller both attended the sale. Miller made the bid for the cows, and before the sale both Miller and Lord inspected the stock, and, with respect at least to one cow, Lord instructed Miller to bid at least $100. The cows were delivered to the farm owned by defendant Lord, and occupied by Miller under the contract heretofore referred to. At the sale of cows on June 15, 1935, defendant Lord was not present and the bid was made by Miller. Shortly after this sale, Miller was adjudged insane, and a guardian appointed for him.

The defendant Lord filed a claim in county court against the estate of George L. Miller for $1,235.20. There were three items in the claim: (1) A promissory note for $621; (2) a promissory note for $514.20; and (3) a claim for a share of net proceeds from the operation of the farm for 1933, $100. On September 18th, Gray, plaintiff, filed his claim against the estate for the balance due upon the account for cows sold. On December 31, 1935, Gray filed objections to the allowance of Lord's claim upon the grounds that Lord and Miller were and still are copartners; that the alleged indebtedness arose on account of the business of the copartnership and was owed to Lord as a partner; that the property in the hands of the guardian was copartnership property; that Gray is a creditor of both Miller and Lord as partners; and that Lord had received partnership property

in excess of the sum of $1,000 which should in any event be offset against his claim and paid to plaintiff Gray upon the account. A hearing was had March 18, 1936, in county court upon the claims filed against the estate of Miller. The claim of plaintiff Gray was allowed in full as well as that of Lord. The county court adjudged that Lord did not become a partner of the Millers or either of them either by virtue of the agreement of November 7, 1927, or by reason of the later dissolution of the corporation and transfer of its assets to Lord. Meantime, on March 5, 1936, Gray had commenced an action against Lord in circuit court to recover upon his claim, and on April 2d, he sought to make the general guardian of Miller a party to the action, setting up the partnership and asking judgment against Miller and Lord. It was objected by defendant Lord that this constituted the same subject matter as that theretofore adjudicated in county court. On May 9, 1936, the circuit court denied Gray's motion to serve and file an amended summons and complaint, stating that the matter was *res adjudicata* and the plaintiff barred from litigating issues theretofore determined by the county court. Trial of the action was had in circuit court, and the court in its findings held that the evidence sustains the findings of the county court and compels the same findings in this action. It was also held that the question of partnership was fully litigated in the county court, and the plaintiff foreclosed from raising that issue here.

Plaintiff contends that there was a partnership between the Millers and Lord, and that the cattle were bought by Miller within the scope of his agency as a partner, resulting in a cause of action in favor of plaintiff for the purchase price against Lord as well as Miller. Defendant, in addition to denying the fact of partnership, pleaded in the circuit court, and now contends, that this issue was decided by the

county court adversely to plaintiff, and that plaintiff is precluded from raising the issue in this action. In view of the fact that we consider the latter point to be well taken, it will be unnecessary to consider or determine plaintiff's contentions with respect to the existence of a partnership.

In *Schwemer v. Citizen's Loan & Investment Co.* 225 Wis. 46, 50, 272 N. W. 673, 675, the following quotation from Bigelow, Estoppel (5th ed.), ch. 3, p. 99, § 2, is cited with approval:

"That a matter of fact, or generally speaking, of law, once adjudicated by a court of competent jurisdiction, concurrent or exclusive, however erroneous the adjudication, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate, or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it; and this too whether the subsequent suit is upon the same or a different cause of action."

The opinion in the *Schwemer Case* cites the Wisconsin cases supporting this rule, and the matter calls for no further exposition here.

In view of this rule, and of the fact that the county court deliberately found that no partnership existed between defendant Lord and the Millers, the sole question is whether the county court was "of competent jurisdiction," or, in other words, whether the issue was within the jurisdiction of the county court. There can be no doubt of the jurisdiction of the county court to hear and dispose of Lord's claim against the estate of Miller as well as plaintiff's objection to it. The issue as to the existence of a partnership was injected into the case by Gray's objection to Lord's claim, and in fact was the sole basis of his objection. In view of this, we see no way in which the county court could have avoided disposing of the issue. It is suggested that a determination as to partnership matters was beyond the jurisdiction of the

county court. Assuming that this is so as a general proposition, it certainly was within the jurisdiction of the court to determine and dispose of the claim of Lord in the light of the objections. If Lord was a partner of the Millers, and if his claim arose out of partnership matters, it would fail because he would be subject to the general rule that precludes one partner from suing another partner at law. See Mechem, Partnership, p. 98.

It is the general rule that, so long as a partnership continues, one partner cannot maintain an action at law against the firm or against his copartner on account of a matter connected with the partnership. *Shields v. Fuller,* 4 Wis. *102; *Zimmerman v. Chambers,* 79 Wis. 20, 24, 47 N. W. 947. There are several exceptions to this rule. Where accounts have been stated between partners, one partner may sue his copartner for the balance. *De Jarnette's Ex'r v. McQueen,* 31 Ala. 230, 68 Am. Dec. 164; *Culley v. Edwards,* 44 Ark. 423, 51 Am. Rep. 614; *Fanning v. Chadwick,* 3 Pick. (Mass.) 420, 15 Am. Dec. 233; *Williams v. Henshaw,* 11 Pick. (Mass.) 79, 22 Am. Dec. 366; *Beede v. Fraser,* 66 Vt. 114, 28 Atl. 880, 44 Am. St. Rep. 824. An action at law will lie for breach of an executory contract to form a partnership. *Hill v. Palmer,* 56 Wis. 123, 14 N. W. 20; *Treat v. Hiles,* 68 Wis. 344, 32 N. W. 517. Suits will lie to enforce express agreements to pay one partner's share of advances made by the other. *Sprout v. Crowley,* 30 Wis. 187; *Gauger v. Pautz,* 45 Wis. 449. Actions may be brought for damages caused by the failure of one partner to contribute money as agreed toward the common enterprise: *George v. Benjamin,* 100 Wis. 622, 76 N. W. 619. There is some English authority for the doctrine that, if a partner give his copartner a bill or note which binds not the firm but the partner who gave it, he may be sued upon the note for the reason that by giving the instrument the transaction was

isolated from the general partnership account. *Bechem v. Smith,* El. Bl. & El. 442; *Neale v. Turton,* 4 Bing. 151; *Preston v. Strutton,* 1 Anstr. 50; *Fox v. Frith,* 10 Mies. & W. 131; and *Heywood v. Watson,* 4 Bing. 496.

The only one of these exceptions that may have a limited application in this case is the rule with respect to notes given by one partner to the other. We find it unnecessary to determine either the validity or proper application of this rule, for the reason that it could only apply to the two promissory notes contained in Lord's claim; as to the $100 claim for undivided profits of 1933, it was necessary to determine whether a partnership existed, because if it did, there could be no claim by Lord for profits until there was an accounting. Hence, the county court had jurisdiction to adjudicate whether a partnership existed as a necessary incident or step in its determination whether Lord had a claim against the estate of Miller. There is no contention that the judgment of the county court is of itself binding upon plaintiff in this case. The county court's conclusion that no partnership existed between Lord and Miller, whether treated as a finding of fact or a conclusion of law, is binding upon both parties, and this whether the present action is upon the same or a different cause of action.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 11, 1938.