MILTON V. GRANTHAM, appellant, v. POTTHOFF-ROSENE Co., et al., a partnership, appellees.

No. 51499.

(Reported in 131 N.W. 2d 256)

NOVEMBER 17, 1964.

REHEARING DENIED JANUARY 12, 1965.

Garten, Lindel & Garten and John E. Landess, all of Des Moines, for appellant.

Wilson, Maley & Stamatelos, of West Des Moines, for appellees.

THOMPSON, J.—In the case at bar the defendants pleaded too much, and proved too little. Their case suffers, and dies, from a plethora of pleading and a paucity of proof. While several errors are assigned and several points are argued in the briefs, we find the first assigned error to be of controlling importance. It is thus stated: "1. The trial court erred when it found the verified pleadings of the defendants-appellees were of so little consequence that oral testimony carried greater weight than the allegations contained in the Counterclaim."

For an understanding of the question involved some statement of the facts is necessary. In September 1960 one Carl Menzel, a salesman for the Wilson Laundry Equipment Company of Kansas City, Missouri, called on the plaintiff, a resident of Chadron, Nebraska, and discussed with him the purchase of equipment distributed by Wilson. As a result of conferences between Menzel and the plaintiff and his wife, it was decided to order the equipment from the defendants, who were at that time a partnership operating in Des Moines. Later the defendant partnership became a corporation, and it was made a party to this action by an amendment to the petition. No issue is made as to this.

The plaintiff then made and delivered to Menzel his check for $2500 as a down payment on the equipment purchased. Menzel took the check to the drawee bank and received for it a cashier's check in the same amount. Both instruments were made

payable to Potthoff-Rosene Company, the then partnership name. The corporate name was the same, with the addition of the abbreviation "Inc." at the end.

This check was shortly thereafter presented to the defendant company by one R. C. Shepler, together with a written order for certain laundry equipment. The copy of the order left with the plaintiff has "Potthoff-Rosene Co., 1224 High St. - CH 4-4205, Des Moines 9, Iowa" stamped at the top; but the original delivered to the defendants did not contain these words. In all other respects the two copies are identical, and both were signed by the plaintiff and his wife, Leola B. Grantham.

When Shepler presented the cashier's check and the order to the defendants, he endorsed the check "Potthoff-Rosene Company Sales Manager Laundry Dept., R. C. Shepler." The check then remained with the defendants until after September 29, 1960, when the plaintiff sent them a telegram:

"Potthoff-Rosene Co.                              1960 Sep 29
1224 High St.                                    AM 8 31
Des Moines, Iowa
Cancel my order for equipment totaling $11,270.35. Request immediate return of deposit of $2500.00.

                                  Milton V. Grantham
                                  Chadron, Nebraska"

He testified that he sent this cancellation because he had heard nothing from them by way of acceptance of the order or otherwise.

Defendant Carl H. Potthoff, Jr. testified that after this wire was received he endorsed the cashier's check "Pay to the order of R. C. Shepler, Potthoff-Rosene Co., by Carl H. Potthoff, Jr." and delivered it to Shepler, because the order had come through him. The check bears Shepler's endorsement below that of the defendant company. Shepler was a brother-in-law of Carl H. Potthoff, Jr. He is now deceased and the ultimate fate of the proceeds of the check is not shown in the record. They have never been returned to the plaintiff.

There is substantial evidence that neither Menzel nor Shepler was an agent or officer of the defendant company; and if this

were all we would have no difficulty in applying the rule that the fact findings of the trial court are binding on us. But for a reason we shall endeavor to make clear we think the defendants are foreclosed from denying that the check, or its proceeds, remained in their hands. This arises from a counterclaim they filed in the case. The effect of the counterclaim is to ask damages for the alleged breach of the plaintiff's contract for laundry equipment. It contains these allegations:

"That on or about September 16, 1960, plaintiff did make, execute and deliver a certain instrument in writing, which was an order for certain laundry equipment for the conduct and operation of a laundromat in Chadron, Nebraska; that the total amount of the contract was $11,270.35, on which there was a down payment made of the sum of $2500; leaving a balance due of $8770.35; that a copy of said agreement and order is attached hereto marked Exhibit 'A', and thereby incorporated herein."

There follow allegations that the defendants at once commenced to fill the order, the receipt on September 29, 1960, of the telegram of cancellation, the cancellation of a shipment which had been ordered sent to the plaintiff, and this:

"That the said defendants operate on a 30% margin of profit and that they were denied all but $2500 of their normal profit and markup on the equipment contained in the said contract.

"That a sum of money equal to 30% of the total contract price of $11,270.35 is the reasonable value of the markup and profit accruing unto the said defendants in this transaction.

"That the total amount due unto the said defendants from the said plaintiff and which the defendants claim is justly due unto them is the sum of $3381, less the sum of $2500, which has already been paid unto the said defendants and which the defendants are willing to credit the plaintiff.

"WHEREFORE, defendants pray for judgment against the said plaintiff in the sum of $881, together with interest from and after September 29, 1960, at the rate of 5% per annum."

The counterclaim was verified by Carl H. Potthoff, Jr. and he testified: "My signature appears on the verification attached to the answer and counterclaim filed in this action * * *. I

signed that before him [a named notary public] and the statements made therein were true.".

Nevertheless, on the trial the defendants offered testimony as stated above that they had returned the $2500 to Shepler. The counterclaim was introduced in evidence; but the trial court said: "The court finds that the pleadings of the defendant are entitled to be received as admissions of the party in whose behalf they were filed, and further finds after considering the evidence offered in open court, that said evidence has greater weight in this case than the admissions of defendant in its pleadings filed herein."

I. The trial court was correct in holding that the pleadings of the defendant were properly received as admissions of the defendants; but it fell into error when it weighed them in the balance as against the testimony which refuted them and found them wanting. The counterclaim was never withdrawn or superseded. The court found there was no evidence to sustain it. In fact, none was offered; the burden of the defendant's case was in effect an attempt to contradict it by showing it no longer had the money but had returned it to Shepler, by whom it had been delivered to them. In passing, it should be said that the court was also in obvious error in its statement that when the check was first delivered to it "At this time defendant endorsed the check for $2500 over to Shepler." The check was not in fact returned to Shepler, by the uncontradicted testimony of Carl H. Potthoff, Jr. until after the cancellation telegram had been received. The point is not important, but does show a misapprehension of the record.

II. When the trial commenced, and indeed until it closed, the counterclaim stood unchanged, neither withdrawn nor superseded. While the trial court said that the allegations of the counterclaim were denied by the plaintiff, we do not find this correct. The reply denied the allegations that the written order was a contract, but did not deny that $2500 had been paid; in effect an admission of that fact.

The issues, as made by the pleadings, were that the plaintiff had signed and delivered the written order, with a payment of $2500 which had not been returned; with the counterclaim assert-

ing the same thing, but asking damages for a breach of the contract claimed to have been made by the order and its acceptance. However, on the trial the defendants relied upon the claim that neither Menzel nor Shepler was their agent, and they had returned the check to Shepler, an independent contractor from whom they had received it. No attempt was made to offer evidence of damages as asserted in the counterclaim. The defendants tell us in their brief that the counterclaim was abandoned.

However, it is not a case in which a different issue was tried by consent of all parties. There is nothing to indicate that the plaintiff at anytime agreed, impliedly or otherwise, that he was not relying on the contention that he had ordered the equipment, and had made the down payment; and that this had been received by the defendants, and although the order had been canceled before it had been accepted by the defendants, the money had not been returned to him. The trial court's findings show that it was cognizant of this, as it said the counterclaim was evidence of admissions, but was overborne by the countervailing evidence, as shown by the quotation set out above.

▆▆ III. We then come to the basis for our statement that there was too much pleading and an insufficiency of evidence on the part of the defendants. Averments in a pleading which is not withdrawn or superseded are conclusive admissions of the facts pleaded. In Shipley v. Reasoner, 87 Iowa 555, 557, 558, 54 N.W. 470, 471, we said: "As to such admissions, there is no issue; no proof is required; and the party making them is bound thereby. * * * It will be observed that the following distinctions exist between the pleadings upon which the case is tried and those that have been superseded. The former are before the court and jury of necessity, without offer, not as evidence, but to show the issues to be tried; and admissions made therein are taken as true, and conclusive against the party making them. The latter are not necessarily before the court and jury and, if before them, are only as evidence, are not conclusive, and may be shown to have been made inadvertently, or by mistake, or, as stated in the instruction, may be contradicted or explained."

We have followed and applied this rule in a considerable line of cases.

In Lauman v. Dearmin, 246 Iowa 697, 706, 69 N.W.2d 49, 54, is this: "It is a recognized rule that an allegation binds the one who makes it. When its truth militates against the party who pleads it, it must be taken as true against him." See also Reynolds v. Aller, 226 Iowa 642, 648, 284 N.W. 825, 828: "An allegation binds the one who makes it."; Tischer v. Council Bluffs, 231 Iowa 1134, 1145, 3 N.W.2d 166, 172: "When such admissions are made no proof is required, and the person who makes such an admission is bound thereby." In Wilson v. Oxborrow, 220 Iowa 1135, 1142, 264 N.W. 1, 5, we stated the rule thus: "Although on the question now being considered the plaintiff's evidence should be considered in a light as favorable to plaintiff as is reasonably possible, yet under the well-established precedents of this court specific admissions made in the pleadings forming the issues being tried are binding on the party making them, and as to such admissions there is no issue." Whelton v. Chicago, Milwaukee & Saint Paul Railway Co., 189 Iowa 918, 920, 921, 179 N.W. 140, 141, 142, says: "It may be conceded there is a conflict on whether these allegations are true. But, be that as it may, these allegations bind the one who makes them. When their truth militates against the one who pleads them, they must be taken to be true as against him."

It is said in 71 C. J. S., Pleading, section 59, pages 150 to 152 inclusive: "It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings, and that the facts which are admitted by the pleadings are to be taken as true against the pleader * * *, whether or not they are offered as evidence. So admissions in the pleadings may render proof of the admitted facts unnecessary or render proof contradicting them inadmissible, and if countervailing evidence, either through inadvertence or the tacit consent of the parties, is admitted it is entitled to no consideration * * *." 41 Am. Jur., Pleading, section 201, page 435, states: "It is an elementary rule that a litigant is not required to prove the allegations or facts admitted by his adversary to be true. A party is generally bound by allegations or admissions in his own pleadings." See also Turner v. McCready, 190 Ore. 28, 222 P.2d 1010, 1013, and Ogden v. Rabinowitz, 86 R. I. 294, 300, 134 A.2d 416, 419. It

is also said in the latter case: "This rule applies to all pleadings in the case, whether a declaration, complaint or petition, bill of particulars, plea or answer, or other pleading."

It is not possible of denial that a counterclaim is a pleading.

IV. Rule of Civil Procedure 72 permits the answer to contain "as many defenses, legal or equitable, as the pleader may claim, which may be inconsistent. It may contain a counterclaim which must be in a separate division." The rule itself seems to point the difference between purely defensive matter, which is to be embodied in the answer, and a counterclaim. A counterclaim is not a defense, except as it may diminish the plaintiff's recovery, but a separate cause of action. Rule 29, R. C. P., makes this distinction: "A pleading must contain a counterclaim for every cause of action then matured * * *." 80 C. J. S., Set-Off and Counterclaim, section 6, page 15, says: "It [a counterclaim] is defined judicially as a cause of action in favor of defendant on which he might have sued plaintiff and obtained affirmative relief in a separate action; a cause of action existing in favor of defendant against plaintiff."

V. The defendants meet the proposition discussed in Division III by pointing to Rule of Civil Procedure 106, which makes any variance between pleading and proof immaterial unless the opposite party is shown to have been misled to his prejudice. We do not have here a question of variance, but of binding admissions made in a pleading.

VI. The effect of the situation presented is this: The plaintiff in his petition and by his proof says that he ordered certain laundry equipment from the defendants, and delivered a check for $2500; that for good cause he canceled the order but had not received the return of the money. The defendants in their counterclaim admit the order, and the receipt of the money. They allege damages because of the cancellation of the contract, in the amount of $3381, of which $2500 "has already been paid unto said defendants and which the defendants are willing to credit the plaintiff." They ask judgment for the unpaid balance of $881.

This is a definite admission, not only of the receipt of the money, but of its retention by them as a payment on the claimed

damages. This, under the authorities cited in Division III above, is binding on the defendants; and any evidence that they had made over the check to Shepler is "entitled to no consideration." 71 C. J. S., Pleading, section 59, pages 150–152 inc., supra.

VII. The defendants urge that the plaintiff is not the real party in interest. This, they say, is because the plaintiff admitted on cross-examination that he had later bought his equipment from Wilson Laundry Equipment Company "and they have not reimbursed me for the $2500 advanced in connection with plaintiff's Exhibit A and defendant's Exhibit 4. I suppose it is up to Wilson Laundry Company whether they reimburse me or not. They said they would. If I do not recover in this lawsuit they have promised to reimburse me the $2500."

There is no showing that this question was raised on the trial below, or that it was ever presented to the trial court. In any event, the plaintiff was a real party in interest, within the meaning of the term. We have approved this statement: " 'A party is to be regarded as the real party in interest whenever a payment to him would protect the defendant from the claims of third persons'." Home Indemnity Co. v. State Bank of Fort Dodge, 233 Iowa 103, 134, 8 N.W.2d 757, 776. The subject was discussed and decided in the recent case of Hunt v. Wright, 256 Iowa 1378, 131 N.W.2d 268. There is no merit in defendants' contention on this point.

VIII. Defendants further say that the plaintiff cannot recover because his wife, Leola B. Grantham, was a party to the order for equipment and she is not a party to this action. This seems to be a claim of defect in parties plaintiff. Again, there is no showing that this question was at anytime raised in the trial court, either by pleading, evidence or argument. Nor would it have availed if it had been so asserted. While Leola B. Grantham signed the contract, the undisputed record shows the money paid for which recovery was sought was the money of Milton V. Grantham, the sole plaintiff.

IX. As the case stood at the time of trial, the defendants by their counterclaim admitted the receipt of the sum of $2500 from the plaintiff and that they retained it and gave him credit for it. They claimed damages for breach of contract in the

amount of $3381, on which they gave him credit for the $2500 paid, and asked judgment for the balance of $881. They might have withdrawn their counterclaim, in which event it would have been admissible as evidence against them, but could have been controverted by other evidence, and the trier of the facts would have been correct in weighing the conflicting showings as the court in fact did. But the counterclaim was not and is not withdrawn or superseded; it stands to this day.

In this state of things, the defendants, if they did not decide to withdraw the counterclaim, could have offered evidence in support of it. But they did not do so; no claim is now made that they are entitled to any damages for breach of contract. Indeed, their evidence shows they acceded to the cancellation of the order. It will not avail them to now say they have abandoned the counterclaim.

Upon the record, the plaintiff is entitled to judgment as prayed. The case is reversed and remanded to the trial court with directions to enter judgment for the plaintiff for the sum asked, with interest, and for costs in both courts.—Reversed and remanded, with directions.

All JUSTICES concur except HAYS, J., not sitting.