NEIL H. HANSON, d/b/a The H. P. Sales Company, appellee, v. BASIL R. "PETE" LASSEK, d/b/a Mechanical Products Company, appellant.

No. 52621.

(Reported in 154 N.W.2d 871)

DECEMBER 12, 1967.

REHEARING DENIED FEBRUARY 5, 1968.

Richard L. Rick, of Des Moines, for appellant.

Stewart, Miller, Wimer, Brennan & Joyce, by Joseph B. Joyce, of Des Moines, for appellee.

RAWLINGS, J.—By his petition in an action at law, plaintiff asserted a partnership between himself and defendant, subsequently terminated, and an uncompensated expenditure of funds in connection with the venture, for which he asked judgment.

On defendant's motion, with no resistance by plaintiff, the case was transferred to equity and so tried.

Defendant's answer, as amended, admitted the partnership, then by counterclaim reasserted the relationship and requested an accounting.

As best we can determine, plaintiff's amendment to his petition alleged, in substance, the partnership was to be on a cash basis; profits evenly divided, apparently in proportion to earnings expected to be nearly equal; and operating expenses shared.

The pleadings disclose *both* parties asserted not less than eleven times the existence of a partnership, and that neither party at anytime denied it, either generally or otherwise.

The trial court found no partnership existed, denied right to an accounting, held defendant indebted to plaintiff, and entered judgment accordingly.

Defendant appeals. We reverse.

I. This court was called upon to consider a similar situation in Grantham v. Potthoff-Rosene Co., 257 Iowa 224, 230–232, 131 N.W.2d 256, and in reviewing the matter stated:

"Averments in a pleading * * * not withdrawn or superseded are conclusive admissions of the facts pleaded. In Shipley v. Reasoner, 87 Iowa 555, 557, 558, 54 N.W. 470, 471, we said: 'As to such admissions, there is no issue; no proof is required; and the party making them is bound thereby. * * * It will be observed that the following distinctions exist between the pleadings upon which the case is tried and those that have been superseded. The former are before the court and jury of necessity, without offer, not as evidence, but to show the issues to be tried; and admissions made therein are taken as true, and

conclusive against the party making them. The latter are not necessarily before the court and jury and, if before them, are only as evidence, are not conclusive, and may be shown to have been made inadvertently, or by mistake, or, as stated in the instruction, may be contradicted or explained.'

"We have followed and applied this rule in a considerable line of cases.

"In Lauman v. Dearmin, 246 Iowa 697, 706, 69 N.W.2d 49, 54, is this: 'It is a recognized rule that an allegation binds the one who makes it. When its truth militates against the party who pleads it, it must be taken as true against him.' See also Reynolds v. Aller, 226 Iowa 642, 648, 284 N.W. 825, 828: 'An allegation binds the one who makes it.'; Tischer v. Council Bluffs, 231 Iowa 1134, 1145, 3 N.W.2d 166, 172: 'When such admissions are made no proof is required, and the person who makes such an admission is bound thereby.' In Wilson v. Oxborrow, 220 Iowa 1135, 1142, 264 N.W. 1, 5, we stated the rule thus: 'Although on the question now being considered the plaintiff's evidence should be considered in a light as favorable to plaintiff as is reasonably possible, yet under the well-established precedents of this court specific admissions made in the pleadings forming the issues being tried are binding on the party making them, and as to such admissions there is no issue.' Whelton v. Chicago, Milwaukee & Saint Paul Railway Co., 189 Iowa 918, 920, 921, 179 N.W. 140, 141, 142, says: 'It may be conceded there is a conflict on whether these allegations are true. But, be that as it may, these allegations bind the one who makes them. When their truth militates against the one who pleads them, they must be taken to be true as against him.'

"It is said in 71 C.J.S., Pleading, section 59, pages 150 to 152 inclusive: 'It follows that a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings, and that the *facts which are admitted by the pleadings are to be taken as true against the pleader * * *, whether or not they are offered as evidence. So admissions in the pleadings may render proof of the admitted facts unnecessary or render proof contradicting them inadmissible,* and if countervailing evidence, either through inadvertence or the tacit consent of the parties, is admitted it is entitled to no consideration * * *.' 41 Am. Jur.,

Pleading, section 201, page 435, states: 'It is an elementary rule that a litigant is not required to prove the allegations or facts admitted by his adversary to be true. A party is generally bound by allegations or admissions in his own pleadings.' See also Turner v. McCready, 190 Ore. 28, 222 P.2d 1010, 1013, and Ogden v. Rabinowitz, 86 R.I. 294, 300, 134 A.2d 416, 419. It is also said in the latter case: 'This rule applies to all pleadings in the case, whether a declaration, complaint or petition, bill of particulars, plea or answer, or other pleading.' " (Emphasis supplied.)

See also rule 102, R.C.P.; Hofer v. Bituminous Cas. Corp., 260 Iowa 81, 148 N.W.2d 485, 486; In re Estate of Stonebrook, 258 Iowa 1062, 1073, 141 N.W.2d 531; Leo v. Leo, 239 Iowa 873, 876, 877, 32 N.W.2d 777; Massey v. City Council of City of Des Moines, 239 Iowa 527, 534, 31 N.W.2d 875; 68 C.J.S., Partnership, section 129(e), page 566; and 40 Am. Jur., Partnership, section 84, pages 187, 188.

II. Added to the foregoing, the functions of a pleading are to put the other party on notice of what the pleader intends to prove at trial *and* to define the issues. In re Condemnation of Certain Land, 253 Iowa 1130, 1134, 114 N.W.2d 290.

Also, any relief granted must be consistent with the case made by the pleading and such as will not take an adversary by surprise. Schlotfelt v. Vinton Farmers' Supply Co., 252 Iowa 1102, 1112, 109 N.W.2d 695, and Nitta v. Kuda, 249 Iowa 853, 858, 89 N.W.2d 149.

Apparently these fundamental principles were here disregarded.

III. In the instant case the existence of a partnership was resolved by the pleadings. As a result the sole issue before the court was the matter of accounting to be had.

However, with no apparent legal cause or justification the trial court erroneously converted a post-partnership accounting action, standing in equity, to one at law for reimbursement.

On that point we said in Johanik v. Des Moines Drug Co., 235 Iowa 679, 686, 17 N.W.2d 385:

"It is almost universally held, subject to certain exceptions which we need not mention, that a law action is not maintainable between partners with respect to partnership transactions unless

there has been an accounting or settlement of the partnership affairs. McAnulty v. Peisen, supra, 208 Iowa 625, 634, 226 N.W. 144; Ristine v. Ruml, 197 Iowa 1193, 1197, 197 N.W. 27, and authorities cited; annotation 21. A.L.R. 21, 34; 47 C.J. 802, section 250; id., 1198, section 900.

"Accordingly, one partner cannot sue another at law to recover contributions to the partnership capital, a share of the profits, or the proceeds of the sale of partnership property until there has been an accounting of partnership affairs. Equity has exclusive jurisdiction of unsettled matters between partners. And this is true even though there has been a termination or dissolution of the partnership."

IV. Despite the foregoing, plaintiff says the result would be the same in an action at law based on contract, express or implied, as in one for accounting. This may or may not be true.

But that we are not now in a position to determine. And that we are not now called upon to decide.

It is to us evident the trial court erred in not determining rights, if any, of these parties under an accounting.

Defendant's motion for a new trial should have been sustained.

V. The record and appellant's brief are not in print size prescribed by rule 345, R.C.P.

Furthermore the print is confined to one side of each page.

Under the circumstances only half the certified cost for printing each of these documents shall be taxed as costs.

Reversed and remanded for a new trial in accord with this opinion.

All JUSTICES concur.