In the Matter of the ESTATE OF Virgil C. THOMPSON, Deceased; Leonard Eickman and Donald Long, Co-Executors.

Lowell THOMPSON, Henry Thompson and Florence O'Leary, Appellants,

v.

Leonard EICKMAN and Donald Long, Co-Executors of the Estate of Virgil Thompson, Deceased; United Presbyterian Church of Fonda, Iowa, Trustees of the Grand Charity Funds of the Grand Lodge of Iowa A.F. and A.M., United Presbyterian Church of Lytton, Iowa, Marlyn K. Thompson, Brian James Hoerl, Margie McComber, Chester McComber, Eddie Groth, Berniece Groth; Nancy C. Hermson, Alice Eaton, Leonard Eickman, Donald Long, Florence O'Leary, Elsie Kent, Katherine Bernhardt, Fatima Main, Rose Tolan, Gilbert Alpers, Ena Heller, and Karen Bruns, Appellees.

No. 83–262.

Supreme Court of Iowa.

March 14, 1984.

Willis J. Hamilton of Hamilton Law Firm, Storm Lake, for appellants.

James A. Brewer of Hegland, Newbrough, Johnston, Brewer & Maddux, Ames, for appellees Leonard Eickman and Donald Long.

James L. Kramer of Johnson, Erb, Latham, Gibb & Carlson, Fort Dodge, for appellees Marlyn K. Thompson, Brian James Hoerl, Margie McComber and Chester McComber.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and CARTER, JJ.

CARTER, Justice.

The plaintiffs-appellants, who are the heirs at law of decedent Virgil C. Thompson and contestants of his last will, appeal from a district court order sustaining the proponent's statute of limitations defense to this will contest action. We affirm the district court.

Decedent's will was admitted to probate on January 8, 1981, and the second notice of admission of the will to probate was published on January 22, 1981. On June 3, 1982, plaintiffs, decedent's heirs at law, filed a petition to set aside decedent's will; they alleged that (1) the will had not been executed with the formalities required by Iowa Code section 633.279 (1981); and (2) the will was "the product of fraud."

The proponents of the will answered denying the material allegations of the petition and affirmatively alleging that plaintiffs' claims were barred by reason of the statute of limitations contained in Iowa Code section 633.309 (1981). In their reply to this affirmative defense the plaintiffs alleged "the existence of plaintiffs' cause of action was fraudulently concealed from these plaintiffs by defendants, hence, tolling the statute of limitations contained in section 633.309."

In response to the proponents' application under Rule 105, Iowa Rules of Civil Procedure, the district court ruled that all

claims presented in plaintiffs' petition to set aside the will of Virgil C. Thompson were barred by section 633.309. On appeal the plaintiffs assert that a statute of limitations may be tolled under Iowa law if there is a fraudulent concealment of the cause of action by the persons against whom the claim is being asserted. They cite and rely on *Pride v. Peterson*, 173 N.W.2d 549, 555 (Iowa 1970), in support of this claim and assert that their pleadings present an issue of fact as to whether the statute of limitations has been tolled in the present case.

 An application for separate adjudication of law points is properly considered only when questions of law arise from uncontroverted facts which appear in the pleadings. *Montz v. Hill-Mont Land Co.*, 329 N.W.2d 657 (Iowa 1983); *M & W Farm Service Co. v. Callison*, 285 N.W.2d 271, 274 (Iowa 1979). Subject to this limitation, the defense of the statute of limitations may properly be raised by a motion under Rule 105. *Buckley v. Deegan*, 244 Iowa 503, 504–06, 57 N.W.2d 196–97 (1953). For purposes of applying the statute of limitations under Rule 105, a pleading which is not withdrawn or superseded is a conclusive admission of the facts therein stated. *Grantham v. Potthoff-Rosene Co.*, 257 Iowa 224, 230, 131 N.W.2d 256, 259 (1964). Tested by these principles it appears without contradiction that the present action was not commenced within six months from the date of the second publication of notice of the admission of decedent's will to probate. Facially, therefore, plaintiffs' claims are barred by section 633.309. The sole issue on appeal is therefore whether the plaintiffs' pleadings raise a factual question as to whether the statute of limitations has been tolled.

The proponents of the will cite and rely on our decision in *In re Estate of Poulos*, 229 N.W.2d 721, 725 (Iowa 1975), to support the trial court's order barring plaintiffs' claims. In that case we upheld a defense that section 633.309 barred a claim that a will had been forged where such allegations were advanced by an amendment to a petition filed more than one year after the second publication of notice of admission of the will to probate. We stated: "The bar of the statute of limitation was applicable, and contestants do not establish any basis for avoiding it." *Id.*

Plaintiffs contend that they have asserted a basis for avoiding the bar of the statute in the present case based on the doctrine of fraudulent concealment. In *Pride v. Peterson*, 173 N.W.2d at 554, we recognized that where the bar of the statute of limitations affirmatively appears on the face of the petition this constitutes a failure to state a claim upon which any relief can be granted. Although facially that was true with respect to the petition in *Pride*, we reversed a district court order dismissing the petition because we found a factual issue existed concerning whether the defendant, who was plaintiff's attorney, had fraudulently concealed the cause of action from her. We relied in *Pride* on earlier cases holding that a fraudulent concealment of a cause of action may toll the statute of limitations which is otherwise applicable.

 The doctrine of fraudulent concealment is a separate concept from the discovery rule applied to statutes of limitations on claims for fraud by Iowa Code section 614.4 (1981). That statute does not extend the time limits of section 633.309 and plaintiffs do not claim that it does. Where the doctrine of fraudulent concealment is applicable it ordinarily requires an affirmative act by the person against whom claim is being made which would conceal the basis for the claim to such extent that it would not otherwise be discovered in the ordinary course of events. *Pride*, 173 N.W.2d at 555.

Courts in other jurisdictions which have considered the issue have been averse to applying the doctrine of fraudulent concealment so as to extend the time for challenging wills which have been admitted to probate. *Robinson v. First State Bank of Monticello*, 97 Ill.2d 174, 73 Ill.Dec. 428, 454 N.E.2d 288 (1983); *State ex rel. Bier v. Bigger*, 352 Mo. 502, 178 S.W.2d 347 (1944); *In the Matter of the Will of Evans*, 46

N.C.App. 72, 264 S.E.2d 387 (1980); *In re Turinsky's Estate,* 187 Okl. 371, 103 P.2d 86 (1940); *see generally* Annot. 15 A.L. R.2d 500, 504 (1951). The basis for such reluctance is explained as follows in *Pedersen v. Dempsey,* 341 Ill.App. 141, 143, 93 N.E.2d 85, 86 (1950):

> The reason for [this reluctance] ... is the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate. So important has this been deemed by courts and legislatures that neither fraud [nor] concealment ... can upset an order of probate after the time allowed.

 Based upon our consideration of the authorities and the practical problems attendant upon permitting stale challenges to muniments of title, we conclude that the district court was correct in ruling that plaintiffs' claims were barred by the statute. For purposes of applying the doctrine of fraudulent concealment as a device for tolling a statute of limitations we perceive a significant difference in principle between a cause of action for in personam relief against a specific wrongdoer, whose wrongdoing was belatedly discovered as a result of concealment, and a statutory proceeding to challenge a legal instrument publicly filed in court which the law gives conclusive effect in the absence of a challenge within a specified period. The primary motivation for litigants in will contest challenges is dissatisfaction with the contents of the will, a circumstance which can ordinarily be relied upon to trigger any existing challenge within the statutory period.

If a will is proposed for probate which was the product of fraud, the concealment of grounds for challenge by those parties standing to gain is to be expected. As a result, in such circumstances, if plaintiffs' contentions are adopted, the basis for the claim would simultaneously become a ground for extending the time in which the claim could be made. As we indicated in *Gigilos v. Stavropoulos,* 204 N.W.2d 619, 621 (Iowa 1973):

> "It is a play on words to assert it is a separate fraud to present for probate a will the defendants had fraudulently prepared."

We decline to permit the statute of limitations to be extended on the grounds urged by plaintiffs. The decision of the district court is affirmed.

AFFIRMED.