**Ann H. SHEERIN, Administrator of the Estate of Louise Sheerin, Deceased, Appellant,**

v.

**HOLIN CO., Appellee,**

**State of Iowa, Safer Foundation Holiday Inns, Inc., L.M. Nelson, Sarkey's Inc., Ed Kopp, and Bernard Hickman, Defendants.**

**No. 84–1737.**

Supreme Court of Iowa.

Jan. 15, 1986.

# 416

Harold J. DeLange II of Wehr & De-Lange, Davenport, for appellant.

Patricia R. Cepican and John Stonebraker of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellee.

CARTER, Justice.

The sole issue presented on this appeal is whether there exists a genuine issue of material fact with respect to the claim of defendant, Holin Co., that the tragic death of plaintiff's decedent was a circumstance arising out of and in the course of her employment with that defendant. The district court ruled that there was no genuine issue of material fact concerning decedent's entitlement to workers' compensation benefits and granted the employer's motion for summary judgment in this action seeking to recover common-law damages. We find that, on the record made on the motion for summary judgment, the employer has failed to negate the existence of a genuine issue of material fact concerning whether decedent's injuries occurred in the course of her employment. Accordingly, we reverse the grant of summary judgment.

In September 1981, plaintiff's decedent, Louise Sheerin, was employed by the defendant, Holin Co. (Holin), as a waitress at a motel in Bettendorf. On September 5, 1981, she was stabbed to death at the motel during working hours by Bernard Hickman who was employed there as a cook. Hickman was subsequently charged with first-degree murder and convicted. That conviction and life sentence was affirmed on appeal. *State v. Hickman*, 337 N.W.2d 512 (Iowa 1983).

The administrator of Louise Sheerin's estate filed this wrongful death action against several defendants, including Holin. It is alleged in this action that Holin was negligent in (1) failing to acquire adequate information about Hickman's history of violent behavior, (2) failing to warn other employees of Hickman's background of sexual assault, (3) failing to adequately protect other employees from Hickman, and (4) allowing Hickman access to dangerous instrumentalities. Holin thereafter moved for summary judgment on the ground that the sole remedy for the death

of plaintiff's decedent is that provided under the workers' compensation act, Iowa Code chapter 85. Specifically, this argument is posited on the exclusive remedy provisions contained in Iowa Code sections 85.3(1) and 85.20 (1981). In resistance, plaintiff asserted an issue of material fact existed concerning whether the death of Louise Sheerin occurred in the course of her employment or arose out of her employment. The district court granted Holin's motion, and this appeal followed.

We have repeatedly held in ruling on motions for summary judgment that, where the evidentiary matter in support of the motion does not establish the absence of a genuine issue of material fact, summary judgment must be denied without regard to the sufficiency of the resistance. *Banks v. City of Ames*, 369 N.W.2d 451, 456 (Iowa 1985); *Daboll v. Hoden*, 222 N.W.2d 727, 732–33 (Iowa 1974); *Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). In *Sherwood*, 179 N.W.2d at 339, we quoted the following from 6 J. Moore, *Moore's Federal Practice* ¶ 2825 (2d ed. 1966):

"[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required."

Tested by these principles, we believe that Holin's motion for summary judgment was insufficiently supported to establish as a matter of law that the death of plaintiff's decedent occurred in the course of her employment.

■■■ The requirement that in order to fall within the scope of the workers' compensation act an injury or a death must occur "in the course of" the employment refers to time, place and circumstances of injury. *Buehner v. Hauptly*, 161 N.W.2d 170, 171 (Iowa 1968). The additional requirement that the injury or a death "arise out of" the employment relates to the cause and origin of the injury. *McClure v. Union County*, 188 N.W.2d 283, 287 (Iowa 1971). The "arising out of" requirement is satisfied by showing a causal relationship between the employment and the injury, but the "in the course of" requirement is not. Nor is it always enough that the injury occur at the employer's place of business during working hours in order to be incurred "in the course of" employment. If an employee deviates sufficiently from the line of duty so that his or her actions are foreign to the employer's work, this may take the employee outside the course of employment. *Crees v. Sheldahl Telephone Co.*, 258 Iowa 292, 300, 139 N.W.2d 190, 195 (1965); *Walker v. Speeder Machinery Corp.*, 213 Iowa 1134, 1145–46, 240 N.W. 725, 730 (1932).

■■■ Holin, in support of its motion for summary judgment, attempted to establish the "arising out of" and "in the course of" requirements in two ways. First, by a reference to the allegations contained in plaintiff's petition. Second, by the affidavit of the manager of the motel where Louise Sheerin was employed, stating that she was an employee and "on duty" at the time of her death. Allegations contained in a pleading which has not been withdrawn or superseded are conclusive admissions of the facts stated and may be utilized by an opposing party in support of a motion for summary judgment. *See Matter of Estate of Thompson*, 346 N.W.2d 5, 7 (Iowa 1984); *Grantham v. Pottoff-Rosene Co.*, 257 Iowa 224, 230, 131 N.W.2d 256, 259 (1964). While we can accept the contention that the allegations contained in plaintiff's petition when coupled with the affidavit of the motel manager serve to negate any genuine issue of material fact with respect to the "arising out of" element, we are not convinced that the showing made establishes as a matter of law that the "in the course of" element has been established. The record in support of the motion is largely silent concerning the circumstances at and immediately prior to decedent's injury and death. For this reason, the record does not negate the possibility that the attack was preceded by a departure from the course of employment. This circumstance precludes

the granting of summary judgment on this jurisdictional issue.[1]

Because we have based our decision on the insufficiency of the showing presented by the moving party, we need not consider the consequences of plaintiff's resistance to the motion for summary judgment, which appears to invoke the statutory exclusion contained in Iowa Code section 85.16(3) (compensation not allowed for willful act of a third party directed against the employee for reasons personal to such employee). The order granting summary judgment is reversed, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

All Justices concur except REYNOLD-SON, C.J., and HARRIS, J., who dissent.

HARRIS, Justice (dissenting).

There are only two versions of this trage-dy. One, shown by the State in a prior murder trial, was alleged by the plaintiff. The other was asserted by the murderer at the same trial. The majority position, as I understand it, is to start with the murder-er's version and to imagine a scenario which might take the case outside workers' compensation coverage and thus rescue this tort suit against the employer. Much as my heart goes out to the family of this victim I have a number of problems with the majority's rescue. I think the trial court's ruling was correct.

I. The plaintiff's version is unequivocal. She alleges

that on or about September 5, 1985, Louise [the decedent] was working at her place of employment ... when between the hours of 5:30 a.m. and 7:00 a.m. a fellow employee, Bernard Hickman, vio-lently assaulted, and stabbed Louise nu-merous times, resulting in her death.

The negligence which plaintiff alleges against the employer is six-fold:

(1) In failing to acquire proper and ad-equate information concerning the back-ground of Hickman prior to his employ-ment.

(2) In failing to warn co-employees of Hickman's background for sexual as-saults.

(3) In failing to take adequate steps to protect employees from Hickman.

(4) In failing to protect Louise from assault of employees.

(5) In allowing access to Hickman to dangerous instrumentalities which could cause injuries or death.

(6) In failing to provide adequate se-curity for employees upon the premises at the time of Louise's death.

We know some undisputed facts from the record made in Hickman's trial. *State v. Hickman*, 337 N.W.2d 512 (Iowa 1983). We also know Hickman's version.

We can take it as established that Louise was employed as a waitress at a Betten-dorf motel and that Hickman was employed there as a cook. Louise's relationship with Hickman originated at work; the place of work necessitated contact between the two; Louise's work assignment placed her in isolated proximity with Hickman; and the knife used in the murder belonged to the employer. Louise was stabbed thirty-nine times.

The employer's insurance carrier has claimed a lien in this action under Iowa Code section 85.22(1) for death benefits paid upon Louise's death.

In order to avoid the exclusive remedy provisions of Iowa Code sections 85.3(1) and 85.20, plaintiff maintains her daugh-ter's death could have arisen out of a pri-vate disagreement that was not related to her employment. On the other hand nei-ther the plaintiff nor anyone for her has subscribed to Hickman's version of the events: rather than the crude rape-murder of which he was convicted, Louise indicated to him (Hickman) by "looks" that she de-

---

**1.** We do not depart from our determination in *Tigges v. City of Ames*, 356 N.W.2d 503, 511 (Iowa 1984) that this is an issue to be deter-mined by the court in advance of the other issues. Nor do we intimate any opinion as to the sufficiency of the record to sustain a finding of fact by the district court that Louise's injuries were incurred in the course of her employment.

sired to have sexual intercourse and freely went with him to the motel's men's room and did so. According to Hickman he thereafter became enraged because Louise taunted him by asserting he lacked sexual prowess and the knife attack followed. Plaintiff's counsel vaguely mentions that Hickman had a version differing from the State's. But the foregoing product of the twisted and desperate criminal mind has not been alleged or urged by the plaintiff. I am confident it never will be.

II. We have twice considered whether assaults by co-employees are compensable by way of workers' compensation. In *Everts v. Jorgensen,* 227 Iowa 818, 289 N.W. 11 (1939) we affirmed an award to a motel clerk who was attacked while on duty by a recently fired co-employee. We rejected the employer's argument that, because the attack was "for reasons personal to the employee" it did not occur "in the course of" or "arise out of" the employment:

> They had never had any quarrels, cross-words or disagreements and ... there is nothing in the record which points to any conduct on the part of Everts to change this relationship and the commissioner reasons that the attack made upon claimant would have been made upon any other person who happened to be located where claimant was at the time the attack was made, the attack being "willful without reason, perhaps superinduced by stimulants when his impulse to aggression was beyond control," or, being possessed at the time of an evil mind, made no attempt to control his impulse....

*Id.* at 827–28, 289 N.W. at 15–16.

In *Cedar Rapids Community School v. Cady,* 278 N.W.2d 298 (Iowa 1979) we affirmed an award of workers' compensation benefits for an employee killed by a psychotic fellow employee. In holding the employee's death "arose out of" his employment, we noted:

> An employee who associates with other employees is exposed to the risk of injury arising from their acts or omissions. No

difference in principle exists when the injury is caused by conduct resulting from an insane delusion rather than negligence or chance mishap. The resulting injury is equally a rational consequence of a hazard connected with the employment.

*Id.* at 302–03. Plaintiff believes the *Cady* holding extends only to cases where the attacker is deranged and argues there was no such finding regarding Hickman. It is of course true that the record here shows no adjudication of insanity. Indeed, Hickman must have been considered able to answer for his criminal conduct. On the other hand the record certainly accords Hickman no clean bill of mental health; his acts could scarcely be characterized as rational in the sense suggested here.

The actual or adjudicated state of Hickman's mental health is not controlling however because *Cady* makes no such demand. Contrary to plaintiff's contention, the *Cady* opinion requires no finding of a mental disorder on the part of the attacker before the worker-victim is to be compensated under the statute. The key language which established workers' compensation in *Cady* equated the risk experienced by the attack victim with the risk any employee faces by reason of being "exposed to the risk of injury arising from [the] acts or omissions" of fellow employees, the resulting injury being "equally a rational consequence of a hazard connected with the employment." 278 N.W.2d at 302–03.

Louise Sheerin, through her association with Hickman, was "exposed to the risk of injury arising from [Hickman's] acts or omissions." It is not required that Hickman be found "deranged" at the time; the injury is equally a rational consequence of a hazard connected with Louise Sheerin's employment. Such a view comports with the broad reading of the workers' compensation statute demanded by *Caterpillar Tractor Co. v. Shook,* 313 N.W.2d 503, 506 (Iowa 1981).

My view is also supported by an observation of Professor Larson:

Assaults arise out of employment if the risk of assault is *increased because of the nature or setting of the work,* or if the reason for the assault was a quarrel having its origin in the work.... Assaults for private reasons do not arise out of employment *unless, by facilitating an assault which would not otherwise be made, the employment becomes a contributing factor.*

1 A. Larson, *The Law of Workmen's Compensation* § 11, at 3–161 (1985) (emphasis added). Louise Sheerin was exposed to the risk of this injury because of her employment. More than that, the isolated circumstances of her work at the time directly linked her to the assault which resulted in her death. Indeed, it is those same circumstances that make up plaintiff's claim of negligence against the employer. It seems plain to me that, under either suggested version of the tragedy, the injury was covered by workers' compensation. Because the workers' compensation remedy is exclusive this tort suit is precluded.

III. The majority opinion flies in the face of the fundamental scheme of workers' compensation: absolute but limited liability for people injured or killed on the job. It is incredibly bad law because it unsettles the rights of both employers and employees.

Employers will surely wonder how much, if any, security there is for them in the "exclusive recovery" provisions of the workers' compensation act. They will remain absolutely liable to their injured employees in the amounts provided by statute and, under the majority holding, be required to budget for an additional risk of liability.

The majority holding is even more odious for employees. It will serve as a ready precedent for employers or their insurers who wish to escape payment of clearly mandated workers' compensation claims.

I would affirm.

REYNOLDSON, C.J., joins this dissent.