Victor N. STEIN, Appellant,

v.

Thomand O'BRIEN, Respondent.

No. C6–96–2446.

Court of Appeals of Minnesota.

July 8, 1997.

Scott R. Carlson, Duckson & Carlson, P.L.L.P., Minneapolis, for Appellant.

William I. Kampf, Paul G. Zerby, Jr., Kampf & Associates, P.A., Minneapolis, for Respondent.

Considered and decided by HUSPENI, P.J., and CRIPPEN, and WILLIS, JJ.

## OPINION

WILLIS, Judge.

Appellant Victor Stein challenges the district court's grant of summary judgment in favor of respondent Thomand O'Brien on Stein's claims for breach of contract, breach of fiduciary duties, and unjust enrichment. We affirm.

## FACTS

In June 1986, Stein and O'Brien signed a limited partnership agreement as equal general partners and purchased a commercial building. As of December 1995, Stein had contributed $448,152 to the partnership and had pledged a $300,000 letter of credit for the partnership's benefit, while O'Brien had contributed only $85,831. Stein filed a complaint claiming that O'Brien breached his contract and fiduciary duties by not contributing one-half of the capital required for partnership operations and that O'Brien had been unjustly enriched.

O'Brien moved for summary judgment based on Stein's lack of standing, or alternatively, on Stein's failure to produce evidence that would permit a finding that O'Brien is liable under the partnership agreement. At the hearing on O'Brien's summary judgment motion, the district court (1) suggested that "the proper way to go is to do an accounting and dissolve this partnership," (2) told Stein that his pleadings did not state a cause of action against O'Brien, and (3) gave Stein an opportunity "to amend his pleadings to seek the dissolution of the partnership and [to] add the partnership as a party defendant." Stein did not do so. The district court then granted summary judgment to O'Brien and dismissed Stein's complaint with prejudice. Stein challenges summary judgment on the grounds that he has standing, that he stated claims on which relief can be granted, and that the district court erred in dismissing his claims with prejudice.

## ISSUE

Did the district court err in granting O'Brien's summary judgment motion and dismissing Stein's complaint with prejudice?

## ANALYSIS

On appeal from summary judgment, this court determines (1) whether any genuine issues of material fact exist and (2) whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Summary judgment may be granted only if, after viewing the evidence in the light most favorable to the nonmoving party, the moving party has clearly sustained his burden of proving that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law. *Vacura v. Haar's Equip.,* 364 N.W.2d 387, 391 (Minn. 1985).

Stein contends that he has standing to maintain his claims against O'Brien. *See Cochrane v. Tudor Oaks Condominium Project,* 529 N.W.2d 429, 433 (Minn.App.1995) (stating that "a potential litigant must allege injury in fact, or otherwise have a sufficient stake in the outcome"), *review denied* (Minn. May 31, 1995). We disagree. Each of Stein's claims relates to partnership transactions. Although there is no Minnesota law directly on point, other courts have stated a general rule against actions between or among partners arising out of partnership transactions until there has been an account-

ing or settlement of partnership affairs. *See, e.g., Friedman v. Golden Arrow Films, Inc.,* 442 F.2d 1099, 1107 (2d. Cir.1971); *Cobin v. Rice,* 823 F.Supp. 1419, 1427 (N.D.Ind.1993); *Ebker v. Tan Jay Int'l, Ltd.,* 741 F.Supp. 448, 470 (S.D.N.Y.1990), *aff'd by* 930 F.2d 909 (2d. Cir.1991); *Hanson v. Lassek,* 261 Iowa 707, 154 N.W.2d 871, 874 (1967); *Hauke v. Frey,* 167 Neb. 398, 93 N.W.2d 183, 185–86 (1958); *Munce v. Munce,* 77 S.D. 594, 96 N.W.2d 661, 663–64 (1959); *Gray v. Lord,* 226 Wis. 403, 275 N.W. 432, 434 (1937).

■ Specifically, "one partner cannot sue another at law to recover contributions to the partnership capital * * * until there has been an accounting of partnership affairs." *Hanson,* 154 N.W.2d at 874 (citation omitted); *see also Leonard v. Smieja,* 366 N.W.2d 372, 375 (Minn.App.1985) (concluding that partner cannot maintain action against another copartner for conversion of partnership property in absence of "accounting or division of property by agreement").

Stein argues that this case falls within an exception to the "general rule against maintenance of an action at law among partners concerning partnership affairs prior to an accounting." Stein cites 59A Am.Jur.2d *Partnership* § 550 (1987), which states that the exception applies

> where the facts do not require a complex accounting of a variety of partnership transactions, where an accounting is unnecessary to properly adjust the rights between the parties, or where there is the equivalent of a judicial accounting.

However, for the exception to apply, it must appear that the partnership affairs are wound up. *See id.,* § 551; *see also Gray,* 275 N.W. at 435 (concluding that partner may sue copartner for balance when accounts have been settled). The exception does not apply here because the partnership affairs are not wound up, and the parties dispute their partnership rights and obligations.

■ Even if we were to conclude that Stein has standing, he fails to state a claim on which relief may be granted. Stein alleges that O'Brien breached a contractual obligation "to contribute one-half of the capital required to operate the [partnership] proper-

ty." The partnership agreement, however, does not require each general partner to contribute one-half of the capital required to operate the partnership property. The agreement, in fact, does not require any capital contributions after the initial contributions absent an affirmative vote of general partners owning more than 60% of the general partnership interest. There is no evidence that the holders of more than 60% of the general partnership interest ever voted to require additional capital contributions, which is a necessary precondition for O'Brien to be in breach of the capital contribution requirement of the partnership agreement.

■ "The relationship of partners is fiduciary and partners are held to high standards of integrity in their dealings with each other." *Appletree Square I Ltd. Partnership v. Investmark, Inc.,* 494 N.W.2d 889, 892 (Minn. App.1993), *review denied* (Minn. Mar. 16, 1993). Stein argues that O'Brien breached his fiduciary duty to Stein because

> O'Brien's refusal to contribute capital necessary to maintain the property—whose ownership is the sole purpose of the Partnership—is tantamount to an effort to change the fundamental character and purpose of the Partnership.

Stein relies on 59A Am.Jur.2d *Partnership* § 416 (1987), which states that "no act in contravention of an agreement between partners may be done rightfully without the consent of all." We refuse to adopt Stein's argument that O'Brien has fiduciary duties arising from the partnership's statement of general purpose, notwithstanding express terms of the partnership agreement requiring the general partners to vote on additional capital contributions.

■ Stein also claims that O'Brien was unjustly enriched because he violated his partnership obligations. Unjust enrichment is an equitable claim that "arises when a party gains a benefit illegally or unlawfully," and there is no valid contract completely governing the rights of the parties. *Midwest Sports Marketing, Inc. v. Hillerich & Bradsby of Canada, Ltd.,* 552 N.W.2d 254, 268 (Minn.App.1996), *review denied* (Minn. Sep. 20, 1996). Stein's unjust enrichment claim must fail because in this case there is a valid

contract—the partnership agreement—that completely governs the parties' partnership rights and obligations.

Stein argues that the district court erred in dismissing his complaint with prejudice, claiming that he is thereby precluded from bringing a breach of fiduciary duty claim in a dissolution proceeding. We express no opinion on what claims might or might not be available to Stein in a dissolution proceeding. Because Stein does not have standing to assert the claims he has made, we conclude that the district court did not abuse its discretion in dismissing Stein's claims with prejudice.

### DECISION

Stein does not have standing to maintain his claims against O'Brien because they relate to partnership transactions, and there has been no formal accounting or winding up of partnership affairs.

**Affirmed.**